Citation Nr: 1518734 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 09-09 027 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUE

Entitlement to compensation under 38 U.S.C.A. § 1151 for additional disability manifested by abdominal, groin, and testicle pain, as a result of surgeries performed at Department of Veterans Affairs Medical Centers (VAMCs) in June 1992 and May 2007.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

M. J. In, Counsel


INTRODUCTION

The Veteran served on active duty from September 1971 to August 1974.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Reno, Nevada.

In March 2010, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge sitting at the RO. A transcript of the hearing is associated with the claims file.

In March 2015, the Veteran submitted a new VA Form 21-22, appointing the Disabled American Veterans (DAV) as his new representative in this case. A power of attorney may be revoked at any time, and unless specifically noted otherwise, receipt of a new power of attorney constitutes a revocation of an existing power of attorney. 38 C.F.R. § 14.631(f)(1) (2014). As such, the Veteran is no longer represented by private attorney, Rafael Modet and is currently represented by DAV.

This matter was previously before the Board in September 2010 when the Board denied the Veteran's claim. The Veteran appealed the September 2010 Board decision to the United States Court of Appeals for Veterans Claims (Court). In an Order dated May 2011, the Court vacated the Board's September 2010 decision and remanded the case to the Board for development consistent with a Joint Motion for Remand (Joint Motion).

The Board remanded the case in October 2011 for additional development.


FINDING OF FACT

Additional disability of hernia, manifested by chronic abdominal, groin, and testicle pain, was not the result of carelessness, negligence, lack of proper skill, error in judgment or other instance of fault on the part of VA, nor was it due to an event not reasonably foreseeable.


CONCLUSION OF LAW

The criteria for compensation under 38 U.S.C.A. § 1151 for additional disability manifested by manifested by abdominal, groin, and testicle pain, as a result of surgeries performed at VAMCs in June 1992 and May 2007 have not been met. 38 U.S.C.A. §§ 1151, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.358, 3.361, 17.32 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a); see also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

A VA letter issued in March 2008 satisfied the duty to notify provisions with respect to compensation under38 U.S.C.A. § 1151, and notified the Veteran of the regulations pertinent to the establishment of an effective date and disability rating.

The Board also concludes that VA's duty to assist has been satisfied. The RO has obtained the Veteran's service treatment records, and his identified and available VA and relevant private medical treatment records. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. The record also indicates that multiple VA medical opinions were obtained in order to evaluate the nature and etiology of the claimed disability at issue. Most recently, pursuant to the Board's October 2011 remand, a VA medical opinion was obtained in June 2012. The opinion considered all of the pertinent evidence of record, to include the Veteran's medical records and statements, and provides an adequate rationale for the opinion stated. As there is adequate medical evidence of record to make a determination with regard to the issue on appeal, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4). On that basis, the Board finds the RO substantially complied with all prior remand directives. See 38 U.S.C.A. § 5103A(b); Stegall v. West, 11 Vet. App. 268 (1998); D'Aries v. Peake, 22 Vet. App. 97 (2008).

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of the case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537 (2006); see also Dingess/Hartman, 19 Vet. App. at 486; Shinseki v. Sanders, 129 S. Ct. 1696 (2009).

In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) recently held that 38 C.F.R. § 3.103(c)(2) (2014) requires that the Veterans Law Judge who conducts a hearing fulfill two duties to comply with the above the regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, during the March 2010 Travel Board hearing, the VLJ fully explained the issue. The Veteran was assisted at the hearing by an accredited representative from the Disabled American Veterans. The representative and the VLJ asked questions to ascertain the circumstances involving the surgeries at VA medical centers in 1992 and 2007 and the Veteran's symptoms of chronic abdominal and testicle pain, as well as any casual connection between the surgeries and his claimed additional disability. The VLJ also asked questions to solicit information regarding any potentially outstanding records. No pertinent evidence that might have been overlooked and that might substantiate the claim was identified by the Veteran or the representative that has yet to be obtained. The hearing focused on the evidence necessary to substantiate the Veteran's claim, and the Veteran, through his testimony, demonstrated that he had actual knowledge of the elements necessary to substantiate his claim for compensation under 38 U.S.C.A. § 1151. Neither the representative nor the Veteran has suggested any deficiency in the conduct of the hearing. Therefore, the Board finds that the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2), consistent with Bryant.

The Veteran contends that benefits are warranted under the provisions of 38 U.S.C.A. § 1151 for additional disability manifested by abdominal, groin, and testicular pain as a result of surgeries performed at VA Medical Centers in 1992 and 2007. The record reflects that the Veteran was diagnosed with diverticulitis in the 1980s, which progressed to "an episode of severe diverticulitis [that] required left hemicolectomy" in 1992 at the Palo Alto VAMC. Several years later, in May 2007, the Veteran underwent an inguinal hernia repair at the San Francisco VAMC.

At his March 2010 Board hearing, the Veteran testified that following the sigmoid colectomy in 1992, he developed severe pain and heavy cramping, as well as irregular bowel movements. After four years of suffering he underwent a revision procedure involving an end-to-side anastomosis resection with a blind loop in April 1996. He also stated that he was told his hernia surgery was surgically induced because the VA surgeon who did the first colon surgery in 1992 cut him so low below the belt line that it weakened the inguinal wall, which caused the rupture.

Under 38 U.S.C.A. § 1151, if VA hospitalization or medical or surgical treatment results in additional disability or death that is not the result of the claimant's own willful misconduct or failure to follow instructions, compensation may be awarded in the same manner as if the additional disability or death were service connected. See 38 C.F.R. §§ 3.361.

Then, in order to constitute a qualifying additional disability, the proximate cause of the additional disability must have been (1) carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the facility furnishing the care, treatment, or examination, or (2) an event not reasonably foreseeable. 38 C.F.R. § 3.361(a).

To establish causation, the evidence must show that the hospital care or medical or surgical treatment resulted in the veteran's additional disability. Merely showing that a veteran received care or treatment and that the veteran has an additional disability does not establish cause. 38 C.F.R. § 3.361(c)(1). Hospital care or medical or surgical treatment cannot cause the continuance or natural progress of a disease or injury for which the care or treatment was furnished unless VA's failure to timely diagnose and properly treat the disease or injury proximately caused the continuance or natural progress. 38 C.F.R. § 3.361(c)(2).

To establish that carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on VA's part in furnishing hospital care, medical or surgical treatment, or examination proximately caused a veteran's additional disability, it must be shown that the hospital care or medical or surgical treatment caused that disability; and (1) VA failed to exercise the degree of care that would be expected of a reasonable health care provider; or (2) VA furnished the hospital care or medical or surgical treatment without the veteran's informed consent. In evaluating the Veteran's claim, the Board first must consider whether the evidentiary record shows that he has additional disability that was caused by negligent VA medical treatment. See 38 U.S.C.A. § 1151(a)(1).

In considering the evidence of record under the laws and regulations as set forth above, the Board concludes that the Veteran is not entitled to compensation under 38 U.S.C.A. § 1151 for additional disability as a result of surgeries performed at VAMCs in June 1992 and May 2007.

In response to the October 2011 Board remand, a VA nexus opinion was obtained in June 2012. After a review of the complete claims file, the reviewing physician noted that the Veteran's 2007 hernia repair surgery was an additional disability that was a result of residuals due to weakening of abdominal musculature status post his 1992 and 1996 surgeries. However, the cause of the additional disability (hernia) did not represent result of carelessness, negligence, lack of proper skill, error in judgment or similar instance of fault on the part of VA practitioner. Rather, the additional disability (hernia) was a potential late complication and a known risk factor of any abdominal surgery, citing to Sabistan text book of surgery. This opinion has clear conclusions and supporting data, as well as adequate medical explanation. Therefore, the Board accords great probative weight to the June 2012 VA examiner's opinion.

In contrast, in an August 2012 opinion letter, Greg Kane M.D. disagreed with the June 2012 VA examiner's opinion that the root cause of the Veteran's 1992 sigmoid colon surgery and his 1996 surgery was his congenital Meckel's diverticulum. He stated the Veteran's current suffering is entirely unrelated to his Meckel's diverticulum and he suffers from unforeseeable debilitating pain caused by treatment he received at the VA for non-congenital perforated sigmoid colon.

However, the Board finds this opinion to be deficient in several aspects. First, the medical evidence of record in this case is fairly clear as to the fact that the Veteran initially underwent the sigmoid colon surgery at the Palo Alto VAMC in 1992 due to diverticulitis in sigmoid colon. The June 1992 operation report reflects that the Veteran first presented with severe abdominal pain and was treated for diverticulitis with a constrained perforation; however due to persistent abdominal discomfort he was rehospitalized after several weeks. Barium enema showed significant diverticular disease in the mid and distal sigmoid colon and the Veteran elected to undergo colon resection.

A December 1999 letter from a VA gastroenterology physician notes that the Veteran's source of abdominal discomfort was diverticulitis, which recurred, requiring a surgery in 1992 followed by revision of his anastomosis in 1996. Postoperatively, he developed a new symptom complex that likely included adhesions, narcotic bowel, or as a diagnosis of exclusion, irritable bowel syndrome. It was noted that the Veteran's current disability stemmed from what retrospectively seemed to be recurrent diverticulitis.

An independent medical examiner, Dr. Craig Bash, also opined in January 2006 that the Veteran's currently experienced gastrointestinal (GI) problems are related to his pre-surgical Meckel diverticulum (MD), "MD associated abdominal abscess or MD associated abdominal surgery or post-op MD induced adhesions."

A January 2006 VA examiner agreed that the Veteran's "GI symptoms are a result of his [MD] and its therapy." 

Based on the foregoing, Dr. Kane's opinion that the Veteran's 1992 sigmoid colon surgery and his 1996 surgery, as well as his current suffering, are entirely unrelated to his Meckel's diverticulum is contradicted by medical opinions provided by all other medical examiners and practitioners. However, the physician failed to explain the basis for his contrary opinion. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008) (stating that a medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two); see also Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) ("[A]medical opinion ... must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions"). The lack of a rationale is especially problematic here because his opinion cannot explain what caused the Veteran's initial GI complaints that led to the VA treatment and surgery in 1992 if the root cause of his 1992 sigmoid colon surgery was not his diverticulum. Thus, the Board finds that contrary to the Veteran's former representative's contentions, Dr. Kane's opinion is not thorough or well-explained, nor does it reflect a clear understanding of the medical history of this case.

The Veteran's former representative argued in an August 2012 statement that Dr. Kane's opinion makes clear that [the Veteran's] disability is the result of postsurgical adhesions and that the disability resulting from those adhesions is not a reasonably foreseeable consequence of surgery. This statement is inaccurate. Dr. Kane simply stated "[the Veteran] suffers from "unforeseeable debilitating pain caused by treatment he received at the VA for non-congenital perforated sigmoid colon." First, the physician fails to identify what specific additional disability the Veteran is experiencing, other than "debilitating pain." See Sanchez- Benitez v. West, 13 Vet. App. 282, 285 (1999) (pain alone, without a diagnosed or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection may be granted). Second, the opinion does not make it clear that additional disability due to VA treatment, if any, is the result of postsurgical adhesions. Indeed, the physician does not even mention adhesions as the cause of the Veteran's postsurgical pain. Moreover, the physician's opinion that the Veteran's debilitating pain caused by VA treatment for perforated sigmoid colon was unforeseeable is without rationale. As such, the Board places no probative weight on Dr. Kane's opinion.

The Board also considered the Veteran's statements and hearing testimony. The Veteran is not competent to provide an opinion as to the cause of his additional disability or whether a medical professional acted with a reasonable standard of care or acted with negligence, carelessness, lack of proper skill, error in judgment or fault. An opinion as to the cause of the Veteran's additional disability due to VA treatment would involve an analysis of the medical records on file and a knowledge of highly complex medical matters. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (explaining in footnote 4 that a veteran may be competent to provide a diagnosis of a simple condition such as a broken leg, but not competent to provide evidence as to more complex medical questions); see also Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007) (reiterating this axiom in a claim for rheumatic heart disease). It is not shown that the Veteran is otherwise qualified through specialized education, training or experience to offer an opinion on medical matters.

Consequently, the Board concludes that the probative and persuasive evidence of record reflects that the Veteran's additional disability of hernia, manifested by chronic abdominal, groin and testicle pain, was not due to carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the VA in furnishing the hospital care, medical or surgical treatment, or examination, or due to an event not reasonably foreseeable. Therefore, the claim cannot be granted under the provisions of 38 U.S.C.A. § 1151. Because the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is inapplicable. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).



ORDER

Entitlement to compensation under 38 U.S.C.A. § 1151 for additional disability of hernia, manifested by abdominal, groin, and testicle pain, as a result of surgeries performed at VAMCs in June 1992 and May 2007 is denied.



____________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs