Citation Nr: 1554538 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 13-30 090 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Providence, Rhode Island 


THE ISSUE

Entitlement to service connection for a bilateral ankle condition. 


REPRESENTATION

Appellant represented by: Massachusetts Department of Veterans Services


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

T. Susco, Associate Counsel


INTRODUCTION

The Veteran, who is the appellant in this case, served on active duty from September 1986 to September 1988. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Providence, Rhode Island, which, in pertinent part, denied entitlement to a bilateral ankle condition. 

In May 2015, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. A copy of the hearing transcript is associated with the claims file. 

In June 2015, the Board remanded the appeal to the RO for additional development. The matter has been properly returned to the Board for appellate consideration. See Stegall v. West, 11 Vet. App. 268 (1998). 

This appeal was processed using both the "Virtual VA" system and the "Veterans Benefits Management System" paperless claims processing system. Accordingly, any future consideration of the Veteran's case should take into consideration the existence of this electronic record. 


FINDING OF FACT

The Veteran does not have a currently diagnosed bilateral ankle disability.


CONCLUSION OF LAW

The criteria for service connection for a bilateral ankle condition are not met. 
38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

The Veteran Claims Assistance Act of 2000 (VCAA), in part, describes VA's duties to notify and assist a claimant in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative of any information, and any medical or lay evidence, not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). Such notice should also address VA's practices in assigning disability evaluations and effective dates for those evaluations. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). VCAA notice should be provided to a claimant before the initial unfavorable agency of original jurisdiction decision on a claim. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

The RO provided notice to the Veteran in September 2012, prior to the initial adjudication of the claim in February 2013. The RO provided notice to the Veteran regarding what information and evidence is needed to substantiate the claim of service connection, as well as what information and evidence must be submitted by the Veteran, and what evidence VA would obtain. The September 2012 notice letter also addressed the rating criteria and effective date provisions that are pertinent to the Veteran's claim.

With regard to the duty to assist, VA has made reasonable efforts to obtain relevant records and evidence. Specifically, the information and evidence that has been associated with the claims file include service treatment records, post-service VA treatment records, a VA examination report from August 2015, and the Veteran's statements, including his testimony at the May 2015 Board hearing. 

The Veteran was afforded a VA medical examination in August 2015 in connection with his claim of service connection for a bilateral ankle condition. 38 C.F.R. § 3.159(c)(4). When VA undertakes to provide an examination, it must ensure that the examination and opinions therein are adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board finds that the August 2015 VA examination is adequate with regard to the claim of service connection for a bilateral ankle condition. The opinions expressed within the August 2015 VA examination report considered all the pertinent evidence of record, to include the statements of the Veteran, and provided a rationale for the opinions stated. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination has been met. 38 C.F.R. § 3.159(c)(4). 

As such, the RO has provided assistance to the Veteran as required under 38 U.S.C.A. § 5103A and 38 C.F.R. § 3.159(c), as indicated under the facts and circumstances in this case. The Veteran has not made the RO or the Board aware of any additional evidence that needs to be obtained in order to fairly decide this appeal. Mayfield, 444 F.3d. 1328. Hence, no further notice or assistance to the Veteran is required to fulfill VA's duties to notify and assist in the development of the claim.

Service Connection - Laws and Regulations

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). "Congress specifically limits entitlement to service-connected disease or injury to cases where such incidents have resulted in a disability. In absence of proof a present disability there can be no valid claim." Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); see also Rabideau v. Derwinski, 2 Vet. App. 141, 143-44 (1992).

In this case, ankle joint pain is not a "chronic disease" listed under 38 C.F.R. § 3.309(a); therefore, the presumptive service connection provisions based on "chronic" in-service symptoms and "continuous" post-service symptoms under 38 C.F.R. § 3.303(b) for this claim do not apply. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency of evidence differs from weight and credibility. Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994). 

When considering whether lay evidence is competent, the Board must determine, on a case-by-case basis, whether a veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). A veteran is competent to report symptoms because this requires only personal knowledge, not medical expertise, as it comes to him through his senses. See Layno, 6 Vet. App. 465, 469. Lay testimony is competent to establish the presence of observable symptomatology, where the determination is not medical in nature and is capable of lay observation. Barr, 21 Vet. App. 303. Lay evidence may establish a diagnosis of a simple medical condition, a contemporaneous medical diagnosis, or symptoms that later support a diagnosis by a medical professional. Jandreau, 492 F.3d 1372, 1377. 

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with a veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. 

Service Connection - Analysis

The Veteran contends that service connection is warranted for a bilateral ankle condition. Specifically, the Veteran contends that he experienced repetitive trauma as a paratrooper during active service that has resulted in chronic ankle joint pain. See Hearing Transcript pp 3, 9. In this regard, the Veteran's DD Form 214 reflects the Veteran was awarded a parachute badge. 

After a review of all the evidence of record, lay and medical, the Board finds that the weight of the evidence demonstrates that service connection is not warranted for a bilateral ankle condition. In this regard, the weight of the evidence demonstrates that the Veteran does not currently have a bilateral ankle disability subject to service connection. 

Upon VA examination in August 2015, the Veteran reported experiencing bilateral ankle pain beginning during service and continually since service separation; however, he reported not seeking treatment for his ankle pain until 2015. The Veteran reported that his pain limits his standing and walking tolerance and necessitates the use of bilateral ankle braces. Upon physical examination, the VA examiner documented no swelling and normal range of motion in both ankles, but that the Veteran would "yell at any movement." The VA examiner also noted no tenderness to palpation, normal strength, no crepitus, no ankylosis, no joint instability, and no evidence of pain with weight bearing. Finally, the VA examiner noted normal June 2015 VA diagnostic radiographic imaging study results. In conclusion, the VA examiner indicated that the Veteran did not have a current diagnosis associated with his claimed bilateral ankle pain. 

VA treatment records and additional VA examination reports also indicate the Veteran's complaints of joint pain, but do not demonstrate the presence of an underlying joint pathology. Upon VA examination in January 2013 for his knees, the Veteran also reported bilateral ankle pain that started following his in-service activities as a paratrooper. Upon VA examination in October 2014 for his back, the Veteran demonstrated decreased ankle strength bilaterally. 

A January 2015 VA treatment record indicates that the Veteran reported increased ankle pain and popping within the preceding two weeks without an inciting injury; the VA clinician provided a diagnosis of bilateral ankle pain. Contemporaneous diagnostic radiographic imaging study results document some calcific density inferior to the medial malleolus bilaterally that "could represent sequelae of remote trauma," but the "bones, joint spaces, and soft tissue are otherwise normal." The VA clinician referred the Veteran for a physical therapy consultation. 

The February 2015 VA physical therapy consultation report indicates that the Veteran reported constant bilateral ankle pain with "a lot of cracking and popping." The VA clinician noted normal range of motion, but noted decreased strength, crepitus, and tenderness to palpation. The VA clinician provided the Veteran with bilateral ankle braces. 

A June 2015 VA treatment record indicates that the Veteran reported chronic bilateral ankle pain that improved with use of the ankle braces; the VA clinician provided a diagnosis of bilateral ankle pain. Contemporaneous diagnostic radiographic imaging study results were "normal" with documentation of preserved joint spaces and soft tissues within normal limits. 

The Board has carefully considered the Veteran's statements, in which he reports recurrent ankle joint pain, and his contentions that his pain is directly attributable to active service. The Veteran is competent to report symptoms, such as joint pain, that he may have experienced at any time. See Layno, 6 Vet. App. 223, 225. However, without the appropriate medical training and expertise, he is not competent to provide an opinion on a complex medical matter, such as relating pain to a diagnosis for which service connection may be granted. Jandreau, 492 F.3d 1372, 1377. Service connection may only be awarded for a symptom if a pathology to which the symptom can be attributed has been identified; otherwise, there is no basis to find a disability for which service connection may be granted. See Sanchez-Benitez v. West, 13 Vet. App. 282, 285 (1999) ("pain alone, without a diagnosed or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection may be granted."); dismissed in part and vacated in part on other grounds, Sanchez-Benitez v. Principi, 239 F.3d 1356 (Fed. Cir. 2001); see also Mitchell v. Shinseki, 25 Vet. App. 32, 38 (2011) (holding that pain alone does not constitute a functional loss under VA regulations which evaluate disabilities based upon limitation of motion). In this regard, while there is evidence of current bilateral ankle pain, the weight of the evidence demonstrates no underlying ankle joint pathology. Accordingly, the weight of the evidence is against a finding of a current disability upon which to predicate a grant of service connection. 

For these reasons, the Board finds that the weight of the evidence demonstrates that the Veteran does not have a current bilateral ankle disability for which service connection may be granted. As a result, the claim must fail. In the absence of a present disability there can be no claim. Brammer, 3 Vet. App. at 225. The Board recognizes that the Court has held that the presence of a chronic disability at any time during the claim process can justify a grant of service connection, even where the most recent diagnosis is negative. McClain v. Nicholson, 21 Vet. App. 319 (2007). However, where the overall record shows no diagnosis of the claimed disability, as in the case here, that holding would not apply. 

The existence of a current disability is the cornerstone of a claim for VA disability compensation. 38 U.S.C.A. §§ 1110, 1131; see Degmetich v. Brown, 104 F.3d 1328, 1332 (1997) (holding that interpretation of sections 1110 and 1131 of the statute as requiring the existence of a present disability for VA compensation purposes cannot be considered arbitrary). Evidence must show that the veteran currently has a disability for which benefits are claimed. In this case, where the evidence shows no current ankle disability upon which to predicate a grant of service connection, at any time during the claim period, there can be no valid claim for that benefit. See Shedden, 381 F.3d at 1167; Brammer, 3 Vet. App. at 225; Rabideau, 2 Vet. App. at 143-44. Because a current bilateral ankle disability has not been shown by competent evidence, the Board does not reach the additional questions of in-service injury, disease, or event, or the relationship between any such current disability and service. 

For these reasons, the Board finds that a preponderance of the evidence is against the Veteran's claim of service connection for a bilateral ankle condition, and the claim must be denied. As the preponderance of the evidence is against the claim of service connection for a bilateral ankle condition, the benefit of the doubt doctrine is not for application. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. 


ORDER

Service connection for a bilateral ankle condition is denied. 



____________________________________________
K. J. Alibrando 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs