Citation Nr: 1602616 
Decision Date: 01/28/16 Archive Date: 02/05/16

DOCKET NO. 13-06 327 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUES

1. Entitlement to service connection for residuals of a head injury, to include scar and headaches.

2. Entitlement to service connection for a left hip disability to include total left hip replacement.

3. Entitlement to service connection for a left leg condition other than a left hip disability. 


REPRESENTATION

Appellant represented by: National Association for Black Veterans, Inc.


WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

S. Spitzer, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from December 1982 to December 1985.

This appeal comes before the Board of Veterans' Appeals (Board) from a March 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 
 
In October 2015 the Veteran testified at a Video Conference hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record.


FINDINGS OF FACT

1. The most probative evidence indicates the Veteran does not have residuals of an in-service head injury. 

2. The preponderance of the probative evidence indicates that arthritis of the left hip was not shown in service or for many years thereafter and that the current left hip disability is not related to service. 

3. A diagnosed left leg condition other than a left hip disability has not been shown during the course of the appeal.



CONCLUSIONS OF LAW

1. The requirements for establishing service connection for residuals of a head injury have not been met. 38 U.S.C.A. §§ 1131, 5107 (West 2014); 38 C.F.R. § 3.303 (2015).

2. The requirements for establishing service connection for a left hip disability, to include total left hip replacement, have not been met. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131, 1137, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2015).

3. The requirements for establishing service connection for a left leg condition other than a left hip disability have not been met. 38 U.S.C.A. §§ 1131, 5107 (West 2014); 38 C.F.R. § 3.303 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Veterans Claims Assistance Act 

Under the Veterans Claims Assistance Act of 2000 (VCAA) VA has a duty to 
notify and assist a claimant in the development of a claim. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2015).

The notice requirements of the VCAA require VA to notify a claimant of what information or evidence is necessary to substantiate the claim; what subset of the necessary information or evidence, if any, the claimant is to provide; and what subset of the necessary information or evidence, if any, the VA will attempt to obtain. 38 C.F.R. § 3.159(b) (2015). Compliant VCAA notice was provided by letters dated in March 2010 and October 2010. The case was readjudicated in December 2013.

The record also reflects that VA has made reasonable efforts to obtain relevant records. In this regard, the RO obtained available service treatment records (STRs), relevant VA treatment records, and VA examination reports. Regarding missing STRs, in March 2010 the RO asked the Veteran to submit STRs in his possession. In November 2010, the RO notified the Veteran of that some of his records were missing and requested that the Veteran provide or identify documents through secondary sources. The RO thereafter issued a formal finding of unavailability for the missing STRs. The Board finds that the RO has properly acted within the mandates of the duty to assist under 38 C.F.R. § 3.159, and that further attempts to obtain additional STRs would be futile.

The Veteran was also afforded a hearing before the Board. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims held that 38 C.F.R. § 3.103(c)(2) requires that the VLJ who chairs a hearing explain the issues and suggest the submission of evidence that may have been overlooked. Here, the VLJ identified the issues to the Veteran, and the Veteran testified as to events in service, his treatment history and symptomatology. Neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2), nor have they identified any prejudice in the conduct of the Board hearing. The hearing focused on the elements necessary to substantiate the claims, and the Veteran provided testimony relevant to those elements. As such, the Board finds that no further action pursuant to Bryant is necessary, and the Veteran is not prejudiced by a decision at this time.

After a careful review of the file, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). 

II. Service Connection

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1131; 38 C.F.R. § 3.303. Evidence of continuity of symptomatology from the time of service until the present is required where the chronicity of a chronic condition manifested during service either has not been established or might reasonably be questioned. 38 C.F.R. § 3.303(b); see also Walker v. Shinseki, 708 F.3d 1331, 1340 (Fed. Cir. 2013) (holding that only conditions listed as chronic diseases in 38 C.F.R. § 3.309(a) may be considered for service connection under 38 C.F.R. § 3.303(b)). Regulations also provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d).
 
Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999). 
 
Moreover, where a veteran served continuously for 90 days or more during a period of war, or during peacetime service after December 31, 1946, and arthritis becomes manifest to a degree of 10 percent within one year from date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2014); 38 C.F.R. §§ 3.307, 3.309 (2015). 

The Board has reviewed all the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the appellant or obtained on his behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claims and what the evidence in the claims file shows, or fails to show, with respect to the claims. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

When STRs are lost or missing, the Court has held that VA has a heightened duty "to consider the applicability of the benefit of the doubt rule, to assist the claimant in developing the claim, and to explain its decision." Cromer v. Nicholson, 19 Vet. App. 215, 217-18 (2005) (citing Russo v. Brown, 9 Vet. App. 46, 51 (1996)). The law does not, however, lower the legal standard for proving a claim for service connection but rather increases the Board's obligation to evaluate and discuss in its decision all of the evidence that may be favorable to the claimant. See Russo, supra. Moreover, there is no presumption, either in favor of the claimant or against VA, arising from missing records. Cromer, supra.

A. Head Injury Residuals

The Veteran asserts that he has experienced headaches as a result of falling after stepping out of the shower during service. 

The Veteran's available STRs contain a September 1985 treatment note reflecting that he had sutures removed for a laceration on his head and that his wound was healing well. No other reports of or treatment for head issues is documented.

While seeking VA treatment in March 2009, November 2009, January 2010, August 2011, February 2012, October 2012, and October 2013, the Veteran denied experiencing headaches.

The Veteran was afforded a VA examination in connection with this claim in May 2010. During that examination, the Veteran stated that after his in-service fall he drove himself to a local medical facility and was sutured. He reported that he was not kept for observation and denied experiencing headaches, or any other residual effects of the in-service fall for the past 25 years. Upon examination, the Veteran was unable to point to any areas of laceration, and the examiner did not find a residual scar. The examiner opined that the Veteran suffered a laceration to his scalp while on active duty which was resolved without scar and that the Veteran did not have other residuals of a head injury. In November 2012, another VA examiner examined the Veteran. During that examination, the Veteran reported his history of falling on the floor backwards coming out of a shower. He denied experiencing loss of consciousness at that time. He noted he needed stitches but did not have headaches at that time. The Veteran reported that he did not know when the headaches started, but thought maybe in the early 1990s. The Veteran reported current headaches occurring 3-4 times per week which resolve with Tylenol. He denied receiving treatment for headaches. The examiner noted that it was unlikely the Veteran's headaches were due to a head injury in service.

After review of the record, the Board finds that service connection for residuals of a head injury is not warranted. 

The Board finds that the opinion of the May 2010 VA examiner, provided after reviewing the claims file, is highly probative as it reflects consideration of all relevant facts. The VA examiner provided a detailed rationale for the conclusions reached. Her conclusions are supported by the medical evidence of record, which note that the Veteran consistently denied experiencing headaches while seeking VA treatment, and that he does not have a residual scar. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008) (holding that it is the factually accurate, fully articulated, sound reasoning for the conclusion that contributes to the probative value of a medical opinion). Such opinion is also consistent with the opinion of the 2012 VA examiner. There is no medical opinion of record linking any current condition to the Veteran's injury to his head service. 

The Board acknowledges the Veteran's reports of experiencing on-going headaches and other residuals after his in-service fall. However, the Board finds the Veteran's statements made while seeking treatment and during the May 2010 VA examination, wherein he denied headaches, to be significantly more probative than his assertions made in connection with his claim for benefits. See Buchanan v. Nicholson, 451 F.3d 1331, 1336-1337 (2006) (the lack of contemporaneous medical records, the significant time delay between the affiants' observations and the date on which the statements were written, and conflicting statements of the veteran are factors that the Board can consider and weigh against a veteran's lay evidence) see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) (VA cannot ignore a Veteran's testimony simply because the Veteran is an interested party; personal interest may, however, affect the credibility of the evidence). 

In summary, the preponderance of the probative evidence is against a finding that the Veteran has residual disability due to his in-service injury. Accordingly, service connection is denied. 

B. Total Left Hip Replacement

The Veteran asserts that his hip injury which resulted in a total left hip replacement was also caused by the in-service fall. 

As an initial matter, the Board notes that the Veteran has been diagnosed during the course of the appeal with degenerative arthritis of the left hip, and has undergone a total left hip replacement. Accordingly, the first criterion for establishing service connection, a current disability, has been met. The question becomes whether this condition is related to service.

The Veteran's STRs are devoid of any reports of or treatment for hip problems. 

The first post-service record of treatment for hip issues is in August 2008. At that time, the Veteran presented for VA primary care treatment and complained of pain in his left hip. He denied suffering any previous hip injuries. An X-ray revealed arthritis of the left hip. 

During an April 2009 VA physical therapy consult, the Veteran stated that approximately eight months ago he slipped while carrying a heavy load and described feeling pain in his left hip two-to-three weeks later. In May 2009, the Veteran presented to a VA emergency room with left hip pain, which he stated had been present for the last year and had worsened over the past six months. In July 2009, the Veteran was seen for an orthopedic surgery consultation. At that time, he stated that his left hip pain started one year ago and has gotten worse since he fell while working around the same time. After a steroid injection failed to relive the Veteran's symptoms, a total hip replacement was performed in November 2009.

In December 2012, the Veteran was afforded a VA examination in connection with this claim. During that examination, the Veteran stated that he injured his hip after falling in service after coming out of the shower, which caused a nagging hip injury. The Veteran stated that his pain increased in the 1990s. The Veteran reported that he feels intermittent pain as a result of his 2009 hip replacement. The Veteran stated that he worked as a carpenter until 2008, but had to quit because of his left hip problems. The examiner noted the Veteran's June 2009 statement in which he reported that his hip pain had started one year prior, and has gotten worse since falling while working in after service. He also noted the Veteran's statements that he had never been injured during active duty and that he began to feel cramping pains in his left hip about 2-3 weeks after his post-service fall. The examiner opined that as the medical records contradict the Veteran's statements, the Veteran's left hip arthritis was not caused by an in-service fall.

After review of the record, the Board finds that service connection for total left hip replacement is not warranted. While the Veteran does have a current diagnosis of arthritis and has undergone a total hip replacement, the preponderance of the probative evidence indicates that the Veteran's disability is not related to service.

At the outset, the Board notes that the probative evidence does not reflect that arthritis was present in service or within one year following discharge from service. Indeed, degenerative changes in the Veteran's hip were not diagnosed until over 20 years after service. As the probative evidence indicates that arthritis was not shown in service or during the presumptive period, the Board turns to the question of whether there is a causal relationship between the Veteran's left hip disability and service.

The Board finds that the opinion of the VA examiner, provided after reviewing the claims file, is highly probative as it reflects consideration of all relevant facts. The VA examiner provided a detailed rationale for the conclusions reached. His conclusions are supported by the medical evidence of record. Specifically, that the Veteran was diagnosed with arthritis of the left hip in 2008 and that the Veteran attributed his hip injury to post-service construction work. See Nieves-Rodriguez, 22 Vet. App. at 302-04 (holding that it is the factually accurate, fully articulated, sound reasoning for the conclusion that contributes to the probative value of a medical opinion). 

The Board acknowledges the Veteran's belief that his left hip disability is related to his in-service fall. It also acknowledges the September 2010 statement from the Veteran's mother that in 1984 the Veteran told her that he suffered a serious fall. However, the Board finds the Veteran's statements attributing his hip condition to events occurring after service made while seeking treatment to be significantly more probative than his assertions made in connection with the his claim. See Buchanan, 451 F.3d at 1336-1337 (the lack of contemporaneous medical records, the significant time delay between the affiants' observations and the date on which the statements were written, and conflicting statements of the veteran are factors that the Board can consider and weigh against a veteran's lay evidence) see also Cartright, 2 Vet. App. at 25 (1991) (VA cannot ignore a Veteran's testimony simply because the Veteran is an interested party; personal interest may, however, affect the credibility of the evidence). 

Additionally, as a lay person, the Veteran has not shown that he has specialized training sufficient to render such an opinion on the cause of his left hip disability. See Jandreau, 492 F.3d at 1376-77 (noting general competence to testify as to symptoms but not to provide medical diagnosis). In this regard, the diagnosis and etiology of hip disabilities are matters not capable of lay observation, and require medical expertise to determine. Accordingly, the Veteran's opinion as to the diagnosis or etiology of his hip disability is not competent medical evidence. 

In short, the preponderance of the probative evidence indicates that arthritis of the hip was not shown in service or for many years thereafter, and that the Veteran's hip disability is not related to service. Accordingly, the preponderance of the evidence is against the claim, and service connection is denied.

C. Left Leg Condition

The Veteran asserts that he suffers from pain shooting through the left leg. The Veteran's STRs do not contain any reports, diagnosis, or treatment of left leg conditions. During VA treatment in November and December 2009, the Veteran reported pain in his left leg. 

In December 2012, a VA examiner performed an examination of the Veteran's knees and lower legs in connection with this claim. At that time the Veteran stated that he had no leg or knee pain and no knee or leg conditions. The examiner found that the Veteran does not have any knee or lower leg conditions other than the arthritis of the left hip. 

After review of the record, the Board finds that service connection for a left leg condition other than a left hip disability is not warranted. 

At the outset, the Board notes that the medical evidence of record does not reflect a diagnosed left leg condition other than the left hip disability during the course of the claim. While the Board acknowledges the Veteran's complaints of left leg pain, complaints of symptoms such as pain, alone, without a diagnosed or identifiable underlying malady or condition, do not constitute a disability for which service connection may be granted. See Sanchez-Benitez v. West, 13 Vet. App. 282 (1999) (pain, alone, without a diagnosed or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection may be granted). 

In summary, the preponderance of the probative evidence is against a finding that the Veteran has suffered from a left leg condition other than his left hip disability during the course of the appeal. Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability. See 38 U.S.C.A. § 1131. In the absence of proof of a current diagnosis of a left leg condition other than his left hip disability, service connection for that disability cannot be established. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). 

In reaching the above conclusion with respect to all issues, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107(b) (West 2014); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert, 1 Vet. App. at 55-56.


ORDER

Entitlement to service connection for residuals of a head injury, to include scar and headaches, is denied. 

Entitlement to service connection for a left hip disability, to include total left hip replacement, is denied. 

Entitlement to service connection for a left leg condition other than a left hip disability is denied. 




______________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs