Jose A. **SANCHEZ–BENITEZ,**
Appellant,

v.

Togo D. **WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–1948.

United States Court of Appeals for Veterans Claims.

Argued Nov. 18, 1999.

Decided Dec. 29, 1999.

Linda E. Blauhut for the appellant.

Scott Ragan, with whom Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Cristine D. Senseman were on the brief, for the appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

NEBEKER, Chief Judge:

This is an appeal from a July 3, 1997, Board of Veterans' Appeals (Board or BVA) decision that denied entitlement to service connection for a neck disability and denied entitlement to a rating in excess of 20% for degenerative disc disease with lumbar muscle spasm. For the following reasons the Court will affirm the Board's decision.

## I. FACTS

The appellant served on active duty from July 1979 to July 1994. Record (R.) at 143. No preexisting medical conditions were noted on his entrance examination. R. at 13–16. In August 1989, he sought medical treatment for what his service medical records (SMRs) describe as neck pain of two months' duration with no history of trauma. R. at 77. A cervical spine x-ray taken at that time was normal. R. at 78. In January 1992, the appellant complained of low back pain after lifting heavy equipment. R. at 109. His SMRs document ongoing complaints of low back pain until his discharge. *See* R. at 114, 124–24, 130.

At the time of his separation, the appellant submitted a claim for service connection for, inter alia, a "lower back injury" beginning in January 1992, and "neck pain" from August 1989. R. at 146–49. Service connection for degenerative disc disease of the lumbar spine was granted and evaluated at 10% disabling. R. at 153–54. Service connection for neck pain was denied based on the absence of evidence of a pathological neck disorder. *Id.* The appellant appealed these decisions and was afforded a hearing before the Board. R. at 157, 171, 174–84. He testified to constant pain in his back, radiating down his legs, causing sleeplessness and preventing him from playing basketball. R. at 175–76. He also reported neck pain, which began in 1983 or 1984, and which makes a popping sound at times and causes radiating pain down his back. R. at 178–80. Based on his testimony, the hearing officer ordered a medical examination. R. at 182.

At a January 1995 examination, the appellant gave a history of continuing lumbar and neck pain, and identified an on-the-job neck injury in 1983. R. at 193–94. The relevant diagnoses were "Lumbar muscle spasm" and "History of trauma with continuing pain in cervical spine." R. at 197; *see also* R. at 199 (diagnoses, same date, of "Lumbar muscle strain" and "History of trauma to the cervical area with residual pain"). The appellant's low back disability rating was subsequently increased to 20%; service connection for neck pain was again denied. R. at 209–10, 214–15. In June 1996, the BVA reviewed the claims and

remanded for additional development, including a special medical examination which would include an opinion regarding the likelihood of a relationship between the in-service neck symptomatology and any current cervical spine pathology. R. at 229–36.

In July 1996, the appellant underwent a neurological examination. R. at 239–40. He provided a history of episodic low back pain, and neck pain since a 1983 in-service injury, when a large metal bumper was dropped on his neck. *Id.* With regard to the neck, the examiner found tenderness at C5–C6, no evidence of radiculopathy, and normal "bulk, tone, and power" with no muscle wasting or motor weakness. *Id.* As to the low back, the examiner noted tenderness at L5–S1, and found some decreased sensation of the left thigh, and low back pain upon bending. *Id.* The examiner stated that cervical spine x-rays performed in early July 1996 showed minimal narrowing and slight reversal of lordosis at C2–C3, and that lumbar spine x-rays revealed minimal degenerative changes and narrowing of the spaces at L4–L5 and L5–S1. *Id.* Slight reversal of lordosis at C2–C3, lumbosacral sprain, and left L5 radiculopathy, were diagnosed. *Id.* Additional x-rays and MRIs of both areas were ordered. *Id.*

Also in July 1996, the appellant underwent a "spine examination." R. at 243–47. The examiner noted three sets of cervical spine x-rays: the first from January 1995 which were normal; the second from early July 1996 which showed "very small and early osteophyte on the anterior aspect of C6" with good disc spaces and no arthritis or evidence of trauma; and the third from late July 1996 which were "entirely normal." *Id.* The lumbar spine x-rays consistently showed osteophytes on L4 and L5. *Id.* The examiner noted the appellant's history since discharge as a post office employee, and that he had occasionally missed time from work to obtain treatment, but had not experienced extended periods of time off from work, and was not working with any restrictions. *Id.* Regarding his low back pain, the appellant reported daily pain, increased with bending, and that he could walk without difficulty and work, but that his pain causes him to refrain from yard work and participation in basketball. *Id.* He likewise reported daily pain in his neck, and relayed an in-service incident of a truck bumper falling against his neck. *Id.* Physical examination of the neck revealed complaints of slight tenderness upon palpation, no muscle atrophy or spasm, and full range of cervical flexion, extension, tilts, and rotation, without hesitation upon performance but with mild discomfort at the extremes. *Id.* He had full extension, tilt, and rotation of the low back, with mild discomfort at the extremes, and mild tenderness over the lower lumbar spine. *Id.* The examiner found that the appellant was able to carry out the duties of his job, and concluded, "The physical findings and the radiologic findings do not reveal a definite or specific cause of the complaints in the neck and low back. Therefore, I am not able to correlate well the complaint of chronic pain with the clinical findings." R. at 247.

In the decision here on appeal the Board found that the preponderance of the evidence was against both claims, denying service connection for a neck disability, and denying entitlement to a rating in excess of 20% for the low back disorder. R. at 1–11.

## II. ANALYSIS

### A. Neck Claim

The Board found the appellant's neck claim well grounded and adjudicated it on the merits. R. at 4. Acknowledging the appellant's one documented in-service complaint of neck pain, the Board noted the absence at that time of any history of trauma, the normal x-rays, and the later, in-service, examinations which were silent for neck problems. R. at 8. The Board reviewed the 1995 diagnosis of "history of trauma to the cervical area with residual

pain," and found that it did not provide evidence of a service-connected injury because it was a diagnosis based on history but unsupported by the SMRs. R. at 8–9. The 1996 examinations and diagnoses were likewise not found to constitute competent opinions that the appellant suffers a current neck disability that originated in service. R. at 9. The BVA concluded that there was no basis for a grant of service connection "[i]n the absence of competent medical evidence that the veteran now has a chronic neck disability which had its onset in or is otherwise related to his period of military service." *Id.*

The appellant argues that reversal is appropriate because the Board erroneously denied his claim despite an absence of evidence rebutting the medical documentation of an in-service complaint of neck pain, and his testimony that the pain continues to the present. Appellant's Brief (Br.) at 5–7. He asserts that his disability need not fit into any neat category within the rating schedule, but that his chronic neck pain should be rated by analogy. *Id.* Alternatively, he contends that the claim should be remanded because the BVA ignored the favorable 1995 medical diagnosis. *Id.* The Secretary responds that there is a plausible basis in the record for the BVA's denial of the claim, and it should therefore be affirmed. Secretary's Br. at 6–9.

■ Assuming, without deciding, that the claim is well grounded, the Court holds that the Board did not err, on the facts in this case, in denying the grant of service connection. *See* 38 U.S.C. § 7261(a)(4); *Willis v. Derwinski,* 1 Vet.App. 66 (1991). Service connection is awarded for "disability resulting from personal injury suffered or disease contracted in [the] line of duty." 38 U.S.C. § 1110; *see also* 38 C.F.R. § 3.303(a) (1998) (service connection means facts showing "a particular injury or disease resulting in disability [that] was incurred coincident with service."). The in-service complaint in 1989 was of "pain," and what the appellant is currently diag-

nosed with is "pain." It is well established that pain often warrants separate and even additional consideration during the course of rating a disability. *See e.g.* 38 C.F.R. §§ 4.40 (must consider pain in relation to functional loss of musculoskeletal system); 4.45 (must consider pain on movement in rating joint disability); 4.56 (1998) (must consider pain in evaluating muscle disability). The Court holds, however, that pain alone, without a diagnosed or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection may be granted.

■ The appellant's argument that the BVA disregarded a favorable medical opinion is not persuasive. While a diagnosis of a compensable condition *based on history* may provide a basis for awarding service connection, such is not the case here. The "favorable" medical opinion at issue diagnosed "history of trauma with continuing pain in the cervical spine." R. at 197. This diagnosis does not demonstrate that the physician, after listening to the patient's lay history and performing an examination, made a medical judgment based on both factors, that the appellant suffered a current condition attributed to the incident described in the appellant's history. *See LeShore v. Brown,* 8 Vet.App. 406, 409 (1995) (transcriptions of lay history unenhanced by any medical comment by examiner not transformed into "competent medical evidence" merely because transcriber happens to be medical professional). Whether the phrase "history of" refers only to "trauma," or to the entire phrase "trauma with continuing pain," in either case there is no indication that the examiner, based on his medical expertise, found any disability relating back to service. Even were the examiner to have specified that the "trauma" referred to was in fact an in-service incident, the physician's statement is at best a diagnosis only of pain, which as noted above, cannot, without connection to an underlying condition and a medical nexus to service, warrant service connection. In evaluating the claim, the

BVA did not "throw out the good evidence," as the appellant suggested at oral argument, but rather rejected pure "history," and held that there was not adequate medical evidence of any present disability related to the appellant's service. The Court does not find error in this holding, and holds that there being a plausible basis in the record for the Board's decision, it must be affirmed. *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990).

### B. Low Back Claim

The Board evaluated the appellant's low back disability under 38 C.F.R. § 4.71, Diagnostic Code (DC) 5293 (1998) (intervertebral disc syndrome), and held, in light of the most recent medical examination evidence, that a rating higher than 20% was not warranted. R. at 9–10. The BVA considered the tenderness and the discomfort experienced on range-of-motion testing, and stated, "The nature of the original injury has been reviewed and the functional impairment that can be attributed to pain or weakness has been taken into account. 38 C.F.R. §§ 4.40, 4.45 [ (1998) ]." R. at 10.

The appellant does not contest the BVA's choice of DC 5293 under which to rate his low back disability, but instead makes a procedural argument, contending that because a VA General Counsel (VAGC) precedential opinion addressing DC 5293 was issued after the Board decision here, the claim must be remanded to permit the Board, in the first instance, to address the requirements of this VAGC opinion. *See* Appellant's Br. at 7–8; Reply at 4–5; VA Gen. Coun. Prec. 36–97 (Dec. 12, 1997) [hereinafter G.C. Prec. 36–97]. In response, the Secretary asserts that there is a plausible basis for the Board's findings as to the degree of the appellant's low back disability, and the BVA decision should be affirmed. Secretary's Br. at 9– 10. He argues that remand based on G.C. Prec. 36–97 is not required under *Karnas v. Derwinski,* 1 Vet.App. 308 (1991), because the opinion did not change the law,

but rather interpreted existing law, and because the Board complied with the existing law and the VAGC opinion by considering 38 C.F.R. §§ 4.40 and 4.45 in its decision. *Id.* at 10.

The precedential opinions of the VAGC are binding on the Board. 38 U.S.C. § 7104(c). The opinion at issue declares that 38 C.F.R. § 4.40, which addresses functional loss and limitation of motion due to pain on use, and section 4.45, requiring inquiry into weakened movement, excessive fatigability, incoordination, pain on movement, and limitation of motion, must both be considered when a disability is evaluated under DC 5293. G.C. Prec. 36– 97. The opinion further holds that an extraschedular rating under 38 C.F.R. § 3.321(b)(1) (1998) must be addressed "if there is evidence of 'exceptional or unusual' circumstances" indicating that the rating schedule may provide an inadequate picture of the disability. *Id.* In reviewing the low back findings from the most recent medical examination, the Board noted the appellant's "mild discomfort during range of motion testing," "slight, and certainly no more than moderate, limitation of motion," "mild discomfort and tightness in the low back," ease at flexing to within three inches of touching the floor, and full ability to twist and tilt. R. at 10. The BVA specifically cited sections 4.40 and 4.45, stating, "[T]he functional impairment that can be attributed to pain or weakness has been taken into account." *Id.* The Court holds that this discussion by the Board, with direct citation to sections 4.40 and 4.45, satisfies any obligation of the BVA to consider these regulations while rating the appellant's low back disability under DC 5293.

At oral argument the appellant's representative suggested that remand was necessary because the Board had failed to discuss 38 C.F.R. § 3.321(b)(1), contrary to G.C. Prec. 36–97. However, unlike sections 4.40 and 4.45, which "must be considered" when a disability is being evaluated under DC 5293, the precedential opinion

directs that section 3.321(b)(1) must be addressed only "if there is evidence of 'exceptional or unusual' circumstances" that would render the schedular rating inadequate. G.C. Prec. 36–97; *see also* 38 C.F.R. § 3.321(b)(1) (extra-schedular evaluation may apply when "case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards."). The Court can identify no facts on this record, nor could the appellant at oral argument, to demonstrate that 3.321(b)(1) is for application. Despite the appellant's contentions that the Board, in the first instance, must make a determination in light of the VAGC precedential opinion, the Court holds that no remand is required here simply based on the mention of 3.321(b)(1) in G.C. Prec. 36–97, when the facts show that it is not applicable. *See Winters v. West,* 12 Vet. App. 203, 207 (1999) (en banc) ("[R]emand is not required in those situations where doing so would result in the imposition of unnecessary burdens on the BVA without the possibility of any benefits flowing to the appellant."). Accordingly, the Court will affirm the decision of the Board on this claim.

### III. CONCLUSION

On this record, the appellant's alternative arguments do not merit consideration. Upon consideration of the record on appeal, the appellant's original and reply briefs, the Secretary's brief, and oral argument of the parties, the July 3, 1997, decision of the Board is AFFIRMED.