Citation Nr: 1607939 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 10-19 858 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico



THE ISSUES

1. Entitlement to service connection for a right hip disability, to include as secondary to a service-connected right foot disability.

2. Entitlement to service connection for a right knee disability, to include as secondary to a service-connected right foot disability. 



ATTORNEY FOR THE BOARD

T. Casey, Associate Counsel






INTRODUCTION

The appellant is a Veteran who served on active duty from May 2001 to November 2008. These matters are before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision by the Albuquerque, New Mexico, Department of Veterans Affairs (VA) Regional Office (RO), which denied service connection for right hip and knee disabilities and for chronic right ankle pain. In a December 2013 VA Form 9, the Veteran requested a Travel Board hearing; in a January 2014 statement, he clarified that he desired a hearing before a Decision Review Officer (DRO) at the RO instead of a Board hearing. At his request, he was scheduled for such hearing, but cancelled it (see July 2014 report of contact). In February 2012 and in November 2012, the case was remanded for additional development and to satisfy notice requirements. 

The Board's November 2012 remand instructed the Agency of Original Jurisdiction (AOJ) to issue a statement of the case (SOC) on the appeal for service connection for a right ankle disability. The Veteran did not perfect his appeal of the claim following issuance of a November 2013 SOC. Consequently, that matter is not before the Board. 

An issue of entitlement to a compensable rating for pes planus, talocalcaneal coalition, of the right foot was raised in a December 2013 statement, but has not been adjudicated by the AOJ. Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015); see 79 Fed. Reg. 57,660 (Sept. 24, 2014) (codified in 38 C.F.R. Parts 3, 19, and 20 (2015)). 


FINDINGS OF FACT

1. The Veteran is not shown to have (or at any time during the pendency of the instant claim to have had) a right hip disability. 

2. The Veteran is not shown to have (or at any time during the pendency of the instant claim to have had) a right knee disability. 


CONCLUSIONS OF LAW

1. Service connection for a right hip disability, to include as secondary to a service-connected right foot disability, is not warranted. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.310 (2015). 

2. Service connection for a right knee disability, to include as secondary to a service-connected right foot disability, is not warranted. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.310 (2015). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Veterans Claims Assistance Act of 2000 (VCAA)

The requirements of 38 U.S.C.A. §§ 5103 and 5103A (West 2014) have been met. By correspondence dated in October 2008, VA notified the Veteran of the information needed to substantiate his claims of service connection on a direct theory of entitlement, to include notice of the information that he was responsible for providing and of the evidence that VA would attempt to obtain, as well as how VA assigns disability ratings and effective dates of awards. The Board notes that the Veteran did not receive complete notice of what was needed to substantiate the claims of service connection on a secondary service connection theory of entitlement prior to the initial rating decision. However, the statements from the Veteran and his reports on VA examinations demonstrate awareness of secondary service connection criteria. Regardless, the Veteran has been advised that to substantiate a claim of service connection there is a threshold requirement of evidence of a current disability; as that threshold requirement is not met, whether or not he has received adequate notice regarding the further requirements to substantiate a secondary service connection theory of entitlement is moot. 
The Veteran's service treatment records (STRs) and pertinent postservice treatment records have been secured. He was afforded VA examinations in October 2008 and January 2014. The Board finds the examination reports, cumulatively, adequate for adjudication purposes. See Barr v. Nicholson, 21 Vet. App. 303 (2007). The Board finds that the record as it stands includes adequate competent evidence to allow the Board to decide these matters, and that no further development of the evidentiary record is necessary. See generally 38 C.F.R. § 3.159(c)(4). The Veteran has not identified any pertinent evidence that remains outstanding. VA's duty to assist is met. 

Legal Criteria, Factual Background, and Analysis

Service connection may be granted for disability resulting from personal injury suffered or disease contracted during active military service, or for aggravation of a pre-existing injury suffered, or disease contracted, during service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. To establish service connection for a disability there must be evidence of: (1) a present disability for which service connection is sought; (2) incurrence or aggravation of a disease or injury in service; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004). 

Service connection is also warranted for disability that is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(a). To establish secondary service connection for a disability there must be evidence of: (1) a current disability (for which secondary service connection is sought); (2) an already service-connected disability; and (3) that the current disability for which service connection is sought was either (a) caused or (b) aggravated by the service-connected disability. 38 C.F.R. § 3.310(a); see Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). 

The Board has reviewed the Veteran's entire record with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Hence, the Board will summarize the relevant evidence as appropriate, and the Board's analysis will focus specifically on what the evidence shows, or fails to show, as to the claims. 

On October 2008 VA examination, the Veteran asserted that he developed right hip and knee pain in 2005 because of changes in his gait and weight distribution to compensate for his right foot/ankle pain. Physical examination found tenderness of the right hip and knee. The diagnoses were history of right hip pain. 

In a May 2009 statement, the Veteran asserted that he has had right hip, knee, ankle, and foot pain since the onset of his right foot disability in service. 

August 2010 private treatment records from T.R., D.P.M., show that the Veteran had triple arthrodesis surgery for right foot chronic degenerative joint disease with coalition and difficulty walking. 

On January 2014 VA examination, the Veteran reported right hip and knee pain since about 2004. It was noted that his service-connected right foot disability is not an ankle condition, as the joints involved are midfoot joints relating to the talus. The examiner opined that there are no diagnosed right hip, knee, or ankle disabilities. 

The initial threshold matter that must be addressed here (as in any claim seeking service connection) is whether or not there is competent evidence that the Veteran currently has (or during the pendency of the claim has had) the disabilities for which service connection is sought. He seeks service connection for right hip and knee disabilities, to include as secondary to a service-connected right foot disability. Specifically, he asserts that he began to have right hip and knee pain in about 2004 due to an altered gait/weightbearing from his service-connected right foot disability. Although he is competent to report lay-observable symptoms, whether or not there is underlying pathology for the symptoms constituting a compensable disability is a medical question beyond the capability of his own lay observation. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Consequently, the Board finds that his assertion that he has a right hip and/or knee disability is not probative evidence. 

The record does not show that the Veteran has (or during the pendency of the instant claim has had) a right hip and/or knee disability. Significantly, the October 2008 and January 2014 VA examiners noted the Veteran's reports of right hip and knee pain, and opined that there is no underlying pathology for those complaints. The Board notes the Veteran's statements that he has right hip and knee pain. Pain alone, without a diagnosed or identifiable underlying malady or condition, is not in and of itself a compensable disability. Sanchez-Benitez v. West, 13 Vet. App. 282, 285 (1999). The Veteran has not submitted any competent evidence showing he has a right hip or knee disability, and does not point to any occasion, treatment, or evaluation when such disability was diagnosed (or underlying pathology for such disability was identified). In the absence of proof of a current right hip and/or eight knee disability there is no valid claim of service connection for such disabilities, on either a direct or a secondary service connection theory of entitlement. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998), cert. denied, 526 U.S. 1144 (1999). 


ORDER

Service connection for a right hip disability, to include as secondary to a service-connected right foot disability, is denied. 

Service connection for a right knee disability, to include as secondary to a service-connected right foot disability, is denied. 


____________________________________________
GEORGE R. SENYK
Veterans Law Judge, Board of Veterans' Appeals 
Department of Veterans Affairs