http://www.va.gov/vetapp16/Files4/1630416.txt

Citation Nr: 1630416 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 10-20 656 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUE

Entitlement to service connection for a right knee disability, to include as secondary to service-connected lumbar spine herniated disc with sciatica. 

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

C. Biggins, Associate Counsel

INTRODUCTION

The Veteran had active service from September 1983 to July 1987. 

This matter comes before the Board of Veterans' Appeals (Board) from an April
2009 rating decision by the Department of Veterans Affairs (VA) Regional Office
(RO) in St Petersburg, Florida. 

The Board previously remanded the claim in July 2014 for additional development. The mandates of the remand have been substantially met and the claim is ready for appellate review. See Stegall v West, 11 Vet. App. 268 (1998). 

The Veteran testified before the undersigned Veterans Law Judge in February 2012 travel Board hearing. A transcript of the hearing has been reviewed and is of record. 

FINDING OF FACT

The preponderance of the evidence weighs against a finding that the Veteran has a current right knee disability that is causally or etiologically related to service, or caused or aggravated by his service connected lumbar spine disability. 

CONCLUSION OF LAW

The criteria for service connection for a right knee condition have not been met
38 USCA §§ 1131, 1132 (West 2014); 38 C F R §§ 3.303, 3.304, 3.310 (2015). 

REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

II. Legal Criteria 

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247 (1999). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and an evaluation of its credibility and probative value. Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a).

Service connection may be established on a secondary basis for a disability which is proximately due to or the result of service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. Allen v. Brown , 7 Vet. App. 439 (1995). Where a service-connected disability aggravates a nonservice-connected condition, a Veteran may be compensated for the degree of disability (but only that degree) over and above the degree of disability existing prior to the aggravation. Id. 

III. Right Knee Disability

The Veteran contends that he has a current right knee disability, which is secondary to his service-connected lumbar spine disability. For the reasons that follow, the Board finds the Veteran does not have a current right knee disability that was caused or aggravated by his lumbar spine disability or his active service. 

The Veteran's service treatment records (STRs) contain one notation of right knee pain. The Veteran's December 1982 enlistment examination indicated the Veteran reported normal lower extremities. In the associated report of medical history the Veteran reported he had no arthritis, joint deformity, or trick or locked knee.

A February 10, 1984, STR noted the Veteran dropped a heavy object on his left knee, which caused pain and limited range of motion. The Veteran's right knee was not noted to have been injured. On February 21, 1984, the Veteran returned for follow up regarding his February 10, 1984 appointment. The February 21, 1984, STR noted the Veteran had experienced pain in his right knee for the past 10 days after dropping a generator on it. The note indicated the Veteran was originally seen for this injury on February 10, 1984, which as noted above, only mentioned his left knee. A second note from the same day noted the Veteran was experiencing left knee pain for the past 10 days, and that he was seen on February 10, 1984 for this injury.

The Board notes the discrepancy in the Veteran's STRs regarding which of the Veteran's knees was injured in service. The first February 21, 1984, STR stated the Veteran experienced an injury to his right knee on February 10, 1984. Additionally, a second note from February 21, 1984, referenced the same injury and indicated it occurred to the Veteran's left knee. This discrepancy taken with the Veteran's testimony at his February 2012 travel Board hearing that he did not sustain any injuries to his right knee during his active service, seems to indicate that the in service injury referenced in the Veteran's February 1984 STRs likely occurred to his left knee only. 

The Veteran's STRs do not contain any other notation of right knee treatment or pain. In his July 1987 separation examination, the clinical evaluation of the lower extremities was normal. In the associated report of medical history the Veteran noted "general good to excellent" health. The Veteran reported he had broken bones, which he later specified as bones in his right arm. The Veteran reported he had no joint deformity, arthritis, or trick or locked knee. There were no defects or diagnoses noted for either knee. 

Since his separation from service the Veteran has received VA treatment. In an August 2008 VA treatment record the Veteran reported pain in his right knee which had been happening for six months or more and becomes aggravated by walking. 

In an August 2009 VA treatment record it was noted that the Veteran sought treatment "to get a 'paper trail' in regards to his right knee and hip so that he may be service-connected for this." The Veteran stated that due to his left knee pain, "he has been using his right side with subsequent knee and hip pain. He reports no new injury." The treatment provider noted no effusion in the Veteran's knee. An x-ray performed the same day showed "slight narrowing" in the medial joint space on right and a negative right knee study. 

The Veteran was provided with a March 2009 VA examination. The Veteran reported right knee pain which had begun three years prior. The examiner noted a right knee strain which he could not determine to be etiologically related to the Veteran's lumbar spine disability or his active service without resorting to speculation. The Board finds the March 2009 VA examiner's opinion lacks probative value as he did not provide a thorough rationale explaining why he could not come to a conclusion without resorting to speculation. 

The Veteran was provided an additional VA examination in May 2012. The examiner reviewed the Veteran's claims file and noted no diagnosed right knee disabilities. The Veteran reported he developed right knee pain approximately five years prior. The Veteran described the pain as intermittent and brought on by prolonged walking or standing. The Veteran reported flare-ups where he experienced severe pain twice a month typically lasting two to six hours. The Veteran's right knee flexion was noted as 130 degrees with no objective evidence of painful motion. No limitation of extension was found and the Veteran presented with no objective evidence of pain. The repetitive use test showed no additional loss in range of motion. The examiner noted no functional loss or impairment. No tenderness or pain to palpation for joint line or soft tissue of either knee was noted. Muscle strength and joint stability was noted to be normal. The Veteran did not present with subluxation, dislocation, or shin splints. The examiner noted the x-rays he reviewed showed no arthritis. 

The May 2012 VA examiner concluded that the Veteran did not have a current right knee disability and added that the Veteran's symptoms and physical examination were consistent with "intermittent right knee strain with mild medial joint space narrowing noted on a bilateral knee x-ray in September 2009." The examiner also concluded the Veteran's right knee symptoms were not secondary to, or aggravated by, his lumbar spine disability, because his lumbar spine disability was not an etiologic factor for a right knee strain or mild medial joint space narrowing.
 
In response to the July 2014 Board remand an October 2014 addendum VA opinion was obtained. The examiner concluded it is at least as likely as not that any diagnosed right knee condition is related to service to specifically include trauma sustained in February 1984. The opinion provider's rationale was that the Veteran does not have a diagnosed right knee disability; his symptoms and physical examination were consistent with an intermittent right knee strain. The opinion provider noted the Veteran had sustained a contusion to his right knee prior to entering the military, but since it was not noted on his enlistment examination, the opinion provider determined it was asymptomatic at the time of his enlistment. The opinion provider noted the Veteran's right knee injury in service was likely a left knee injury, as noted above, but noted even if the Veteran had sustained a right knee injury in service, there were no ongoing complaints of right knee pain, and therefore the pain must have resolved. The opinion provider also noted that because the Veteran did not have a currently diagnosed right knee disability there was no basis to discuss permanent worsening. 

The Board finds the May 2012 and October 2014 VA opinions probative evidence which weigh against the Veteran's claim as the they both provided a thorough rationale explaining their conclusion, which considered the relevant evidence of record. 

The Veteran has provided lay statements indicating that his right knee symptoms are etiologically related to his lumbar spine disability. The Veteran provided an August 2008 statement which indicated he had to walk with a stiff left leg due to his lumbar spine disability and that as a result he compensated by over using his right knee. 

The Veteran provided testimony at his February 2012 travel Board hearing that as a result of his lumbar spine disability he walked stiffly on his left side, which has caused over use of his right knee, and subsequent right knee pain. The Veteran reported he did not hurt his right knee in service, and that he believed his right knee symptoms to be etiologically related to his lumbar spine disability exclusively. 

Lay persons are competent to attest to factual matters of which he has first-hand knowledge (e.g., experiencing right knee pain). Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). To this extent, the Board finds that the Veteran is competent to report that he has current right knee pain. Additionally, the Board notes that lay persons are competent to provide opinions on some medical issues. See Kahana v. Shinseki, 24 Vet. App. 428 (2011). The specific issue in this case, however, whether any currently demonstrated right knee disability is related to service or to the Veteran's service-connected lumbar spine disability, falls outside the realm of common knowledge of a lay person. Jandreau, supra. The Veteran is competent to testify as to observable symptoms, but his opinions as to a diagnosed right knee disability and a nexus between a right knee disability and his lumbar spine disability are not competent evidence.

The Board acknowledges the Veteran's reported symptoms of right knee pain; however, pain alone does not in and of itself constitute a disability for which service connection may be granted. A symptom, without a diagnosed or identifiable underlying malady or condition, does not, in and of itself, constitute a "disability" for which service connection may be granted. See Sanchez-Benitez v. West, 13 Vet. App. 282 (1999). The Veteran's subjective complaints of right knee pain without a diagnosed right disability therefore do not constitute a disability for which service connection may be granted. 

Additionally, the evidence of record does not show, and the Veteran does not allege, that his right knee symptoms are etiologically related to his active service. The probative evidence of record, the October 2014 VA addendum opinion and the Veteran's lay statements indicating his right knee symptoms did not begin in service, are against a finding that the Veteran's right knee symptoms are etiologically related to his active service. 

Therefore, the Board concludes that the preponderance of the evidence is against the Veteran's claim seeking service connection for a right knee disability, to include as secondary to service-connected lumbar spine herniated disc with sciatica. The probative evidence of record indicates the Veteran's right knee disability is not etiologically related to his active service or his lumbar spine disability. As the preponderance of the evidence is against this issue, the benefit of the doubt rule does not apply, and the Veteran's claim of entitlement to service connection for a right knee disability is denied. See 38 U.S.C.A §5107.

ORDER

Entitlement to service connection for a right knee disability, to include as secondary to service-connected lumbar spine herniated disc with sciatica is denied. 

____________________________________________
M.E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs