http://www.va.gov/vetapp16/Files4/1630437.txt

Citation Nr: 1630437 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 09-09 057 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia

THE ISSUES

1. Entitlement to service connection for a cervical spine disorder (claimed as upper back condition).

2. Entitlement to service connection for a thoracolumbar spine disorder (claimed as lower back condition).

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

M. Peters, Counsel

INTRODUCTION

The Veteran had active duty service from December 1999 to March 2008.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO), which in pertinent part denied service connection for upper and lower back conditions. The Veteran timely appealed those decisions. 

The Veteran testified at a Decision Review Officer (DRO) hearing at the RO in July 2011 and at a Board hearing before the undersigned Veterans Law Judge in June 2014. 

This case was initially before the Board in October 2014, at which time it was remanded for additional development. The case was returned to the Board in February 2016, at which time the Board sought an opinion from a Veterans Hospital Administration (VHA) specialist; that opinion was obtained in March 2016. The Veteran was informed of that opinion and given 60 days to respond to that opinion in a March 2016 letter. As of this time, the Veteran has not responded to that letter and the 60 days have expired. Accordingly, the Board will proceed with adjudication of the Veteran's claims at this time. 

FINDING OF FACT

The evidence of record does not demonstrate that the Veteran has current cervical or thoracolumbar spine disabilities. 

CONCLUSIONS OF LAW

1. The criteria for establishing service connection for a cervical spine disorder (claimed as upper spine condition) have not been met. 38 U.S.C.A. §§ 1110, 1131, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015). 

2. The criteria for establishing service connection for a thoracolumbar spine disorder (claimed as lower spine condition) have not been met. 38 U.S.C.A. §§ 1110, 1131, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSIONS

Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. See e.g., 38 U.S.C.A. §§ 5103, 5103A (West 2014) and 38 C.F.R. § 3.159 (2015). In the instant case, the Veteran filed her claim through the Benefits Delivery at Discharge (BDD) program; the Veteran signed an acknowledgement that VA had provided adequate notice to her in December 2007, prior to her discharge from military service and at the same time she filed her initial claims for compensation with VA. 

VA has a duty to assist a claimant in the development of a claim. This duty includes assisting the claimant in the procurement relevant treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. §3.159. 

The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). Service and private treatment records are associated with the claims file. VA provided relevant examinations in January 2008 and March 2013 and obtained relevant medical opinions in February 2015 and with a VHA specialist in March 2016; those examinations and medical opinions are, in aggregate, adequate. 

The Board further acknowledges that this case was remanded in October 2014 in order for VA to solicit authorization from the Veteran to aid in obtaining private treatment records from Achieve Chiropractic and to afford the Veteran a VA examination. The Veteran was sent a letter in January 2015 regarding the need for the Veteran to submit authorization forms for VA to assist her in obtaining the identified private treatment records; the Veteran never responded to that request for authorization. VA additionally obtained the VA addendum medical opinion in February 2015. Therefore, the Board finds that its remand order has been substantially complied with, and it may proceed to adjudicate upon the merits of this case. See Stegall v. West, 11 Vet. App. 268 (1998) (A remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand order).

There is no indication of additional existing evidence that is necessary for a fair adjudication of the claim that is the subject of this appeal. Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist. 

Analysis

On appeal, the Veteran has contended that she has upper and lower spine conditions which are due to her military service. Specifically, as noted in her July 2011 and June 2014 hearings as well as in her August 2008 notice of disagreement and March 2009 substantive appeal, VA Form 9, the Veteran stated that her upper and lower back pain began in approximately October 2005, at which time she began having chiropractic care in service. She stated that she was told by her service chiropractor that her pain was the result of her job at the time, which consisted of sitting and answering phones and dealing with customers. She reported consistently that the same pain and symptomatology that she experiences throughout the appeal period is the same as the symptoms she experienced during military service. She also consistently denied any specific accident or trauma to her upper or lower spine during service. 

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303(a) (2015). "To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Certain chronic diseases, including arthritis, may be presumed to have been incurred in or aggravated by service if manifest to a compensable degree within one year of discharge from service, even though there is no evidence of such disease during service. 38 U.S.C.A. §§ 1101, 1112 (West 2014); 38 C.F.R. §§ 3.307, 3.309(a) (2015). 

Turning to the evidence of record, the Veteran's service treatment records show that in December 2005 she complained of ongoing lower back pain for the prior two months. She reported that she did not experience any trauma. The Veteran's service treatment records further document that she thereafter underwent physical therapy and chiropractic treatment for lumbago. An April 2006 x-ray study was normal. A May 2006 Physical Therapy Consultation record noted that the Veteran's symptoms were "consistent [with] early discogenic" lower back pain. The Veteran's chiropractic treatment records list under the "A/P" section: "lumbago," "upper back pain (between shoulder blades)," and "segmental dysfunction of cervical region."

The Veteran indicated she continued to receive chiropractic treatment after discharge from active service in March 2008, but the earliest available record is from September 2011. These treatment records provide diagnoses of "cervicalgia" and "mm spasms."

The Veteran also received VA medical examinations in January 2008 and March 2013. After full physical examinations of the Veteran, those examiners opined there was no current diagnosis for a spine disability because there was no pathology on which to render a diagnosis. X-rays from January 2008 and March 2013 of the cervical and lumbosacral spines were negative or without significant abnormal findings.

A VA medical opinion from February 2015 indicated that the Veteran's March 2013 VA examination showed a normal physical examination, gait, and range of motion, without any flaring or radiculopathy; the examiner noted that the x-rays were normal and that the examiner at that time gave no diagnosis as there was no pain or abnormality either clinically or radiographically. The examiner also noted the Veteran's previous VA examination also showed no pain, although he noted the Veteran's statements that she did not have pain at that time because she was seeing a chiropractor and had back manipulation that was successfully helping her at that time. Based on review of the claims file, that examiner stated that it was less likely that the Veteran had any diagnosable cervical or back disability at any point since discharge in 2008. The examiner noted that "cervicalgia" (neck pain) and "mm spasm" in 2011 did not constitute diagnosable disabilities as pain/muscle spasm resolved with heat, manipulation and massage; such did not constitute a long-term disability, and was not affected by activities or work.

Finally, the Board sought an opinion from a VHA specialist. In the March 2016 opinion, the VHA specialist noted the Veteran's history of working in a call center/help desk position during service. It was noted that she turned her head quickly once in 2004 and immediately felt pain in the left aspect of her posterior neck to her lower back that lasted 3-4 days. The pain improved and only occurred once a month until it became constant in 2005. The VHA specialist noted the Veteran's service treatment records and the private chiropractic records noted above. After review of all of those records and the claims file, the VHA specialist rendered the following opinion:

Based on the [Veteran]'s history of abrupt turning of her neck and gradual onset of paraspinal pain without ever having evidence of radiculopathy, as well as multiple essentially normal physical exams and imaging studies, the likelihood of her ever having a cervical or lumbar spine disability is very low. The diagnoses of cervicalgia (739.1) and mm spasm (739.2) provided by the [Veteran]'s chiropractor are vague terms that are not necessarily indicative of cervical or lumbar spine disability, which is issue at hand. Again, the [Veteran] has never had any history, physical exam, or imaging findings to support a diagnosis of cervical or lumbar spine disability, including the documentation provided by her chiropractor, which never provided a history of radiculopathy, weakness, or other evidence that her pain could be of spinal pathology. They did repeatedly note varying areas of "somatic dysfunction." Somatic dysfunction is defined by the American Osteopathic Association as: "impaired or altered function of related components of the somatic (body framework) system: skeletal, arthrodial, and myofascial structures, and their related vascular, lymphatic, and neural elements." This is a vague term that does not necessarily denote objective spine pathology. The [Veteran] certainly may have spine tenderness and paraspinal muscle pain, however, it would be difficult to definitively associate these issues with her services working in the call center/help desk rather than something she might have developed regardless of her occupation.

Based on the foregoing evidence, service connection for cervical spine and lumbar spine disorders is not warranted, as the first element-a current disability-has not been shown. 

During service and the appeal period, the Veteran's reported pain has been labeled as lumbago, cervicalgia, and mm spasms. Lumbago is pain in the lumbar region. See Dorland's Illustrated Medical Dictionary, 31st Ed., pp. 1092 (2007). Cervicalgia is noted by the February 2015 VA examiner to be neck pain. 

Furthermore, cervicalgia and mm spasms, as noted the by VHA specialist, are vague terms that are not indicative of any lumbar or cervical spine disability or objectively diagnosable condition. Likewise, the February 2015 VA examiner noted that pain and muscle spasms are not diagnosable disorders which constitute a long-term disability. 

The Veteran's physical examinations during military service, and by VA in January 2008 and January 2013-which include x-rays obtained in April 2006, January 2008 and March 2013-are all negative for any findings of a cervical or thoracolumbar spine disorder. The February 2015 VA examiner and VHA specialist reviewed all documents in the claims file and both reached the conclusion that the Veteran's noted lumbago, cervicalgia, and mm spasms were not diagnosable disorders. 

While the Board acknowledges the Veteran's adamant belief that she has upper and lower back disorders, she does not have any medical expertise, knowledge or experience and is not competent to render a diagnosis in this case; rather, she is only competent to report the symptoms, such as pain, that she suffers. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis); see also Jones v. West, 12 Vet. App. 383, 385 (1999) (where the determinative issue is one of medical causation or a diagnosis, only those with specialized medical knowledge, training, or experience are competent to provide evidence on the issue).

The Board notes that pain, without a diagnosed or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection can be granted. See Sanchez-Benitez v. West, 13 Vet. App. 282, 285 (1999), dismissed in part, vacated in part on other grounds sub. nom. Sanchez-Benitez v. Principi, 259 F.3d 1356, 1362 (Fed. Cir. 2001).

Consequently, as lumbago, cervicalgia, and mm spasms are labels for pain rather than diagnoses for underlying maladies or conditions causing pain, and the several VA examiners and the VHA specialist all agree that those labels are not diagnosable conditions or disabilities, the Board must find that the evidence of record weighs against a finding at this time that the Veteran has current cervical or thoracolumbar spine disabilities. Therefore, the first element of service connection has not been met in this case and the Veteran's claims must be denied at this time. See 38 C.F.R. §§ 3.102, 3.303. The Board does not reach the question of whether the other two elements-in-service injury or nexus-have been met in this case, as analysis of those elements is moot in light of the Board's findings above. 

In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claims, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

ORDER

Service connection for a cervical spine disorder (claimed as upper back condition) is denied. 

Service connection for a thoracolumbar spine disorder (claimed as lower back condition) is denied.

____________________________________________
M. HYLAND
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs