Citation Nr: 1749173 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 13-15 569 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to service connection for psychophysiological gastrointestinal reaction. 


REPRESENTATION

Appellant represented by: Missouri Veterans Commission


WITNESSES AT HEARING ON APPEAL

The Veteran, his wife, and his daughter


ATTORNEY FOR THE BOARD

Angeline DeChiara, Associate Counsel 


INTRODUCTION

The Veteran served on active duty in the United States Army from December 1956 to June 1957 and from June 1959 to May 1962. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2012 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. 

In June 2016, the Veteran was afforded a videoconference hearing pursuant to 38 U.S.C.A. § 7107(e) (West 2014). The Veteran, his wife, and his daughter testified during this hearing. A transcript of this hearing is of record. 

This matter was previously before the Board. In addition to the gastrointestinal issue currently on appeal, the Veteran was previously appealing the RO's denial of service connection for an acquired psychiatric disability, to include post-traumatic stress disorder (PTSD). In September 2016, the Board remanded the claim to the RO for further examination and development. Pursuant to the remand order, the Veteran underwent a psychiatric examination in October 2016 and was diagnosed with PTSD. Accordingly, in December 2016, the RO granted service connection for PTSD with an evaluation of 50 percent effective June 15, 2011. Therefore, the issue of service connection for an acquired psychiatric disability, to include PTSD, is no longer before the Board. 

Regarding the gastrointestinal issues, the September 2016 remand order instructed the VA to assist the Veteran to obtain additional private treatment records and additional VA clinical reports. Additionally, the RO was instructed to afford the Veteran a VA psychiatric examination to determine if the Veteran's reported gastrointestinal issues would be better understood as a psychiatric disorder, or more properly classified as a disability of some other bodily system. If the examiner determined that the Veteran's symptoms are more properly understood as a disability affecting a non-psychiatric body system, the remand order instructed that the VA schedule an examination by an individual with the appropriate expertise to determine the etiology of the Veteran's symptoms. 

As previously discussed, the Veteran underwent a psychological examination in October 2016. While the psychologist diagnosed the Veteran with PTSD, he was unable to make a determination regarding any psychophysiological gastrointestinal reaction issue without organicity being ruled out by a medical specialist. Accordingly, the Veteran was afforded an examination to evaluate his gastrointestinal conditions in April 2017. The Veteran was found by the examining physician to have no diagnosed gastrointestinal disabilities and related his complaints to diet. Subsequently, in June 2017, the RO issued a Supplemental Statement of the Case (SSOC) indicating that service connection for psychophysiological gastrointestinal reaction remains denied due to a lack of current disability. 

The appeal was subsequently returned to the Board. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

The Veteran's gastrointestinal symptoms are not classified as a diagnosis of psychophysiological gastrointestinal reaction and are not related to the Veteran's active service. 

CONCLUSION OF LAW

The criteria for service connection for psychophysiological gastrointestinal reaction have not been met. 38 U.S.C.A. §§ 1101, 1131, 1137 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2016). 




REASONS AND BASES FOR FINDING AND CONCLUSION

I. VA's Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), and implementing regulations, impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.26(a) (2016). Proper VCAA notice must inform the claimant of any information and evidence not of record that: (1) is necessary to substantiate the claim; (2) the VA will seek to provide; and (3) the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1). 

With respect to the Veteran's claim decided herein, VA has met all statutory and regulatory notice provisions. Adequate notice was provided to the Veteran in a September 2011 letter, which fully addressed all notice elements including: what specific evidence was needed to establish service connection for PTSD, what information the Veteran needed to provide, and what evidence VA was going to obtain. Accordingly, no further development is required with respect to the duty to notify. 

VA also has a duty to assist the Veteran in the development of his claim. This duty includes assisting the Veteran to procure service treatment records and additional private medical records identified by the Veteran, and also provide the Veteran any necessary examinations. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

The Board finds that VA provided sufficient assistance to the Veteran to attempt to retrieve his medical records. The Board's September 2016 remand order instructed VA to assist the Veteran in obtaining additional private medical records. Pursuant to this order, in October 2016, VA sent the Veteran authorization and disclosure forms so that VA could obtain the treatment records on the Veteran's behalf. However, the Veteran did not complete and return these documents to VA. While VA has a duty to assist, the Veteran "cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence." Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). Furthermore, VA did obtain the Veteran's VA treatment records and service treatment records. Accordingly, the Board finds that VA adequately assisted the Veteran to obtain relevant records. 

Additionally, the Veteran was afforded examinations for VA purposes in October 2016, and in April 2017. Both of these examinations were thorough and contained rationales for the examiners' opinions. The Veteran has already been granted service connection for his PTSD, and was assigned a rating for all manifestation of his disability. Additionally, as discussed below, the Veteran's current gastrointestinal issues have been attributed to his diet. Therefore, another psychological examination to determine the etiology of the Veteran's claimed gastrointestinal issues will not be necessary. Accordingly, the Board concludes that the Veteran was provided adequate examinations. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Barr v. Nicholson, 21 Vet. App. 303 (2007); Stefl v. Nicholson, 21 Vet. App. 120 (2007).

II. Analysis

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C.A. § 1131 (West 2014); 38 C.F.R. § 3.303(a) (2016). In general, service connection requires the following: (1) evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disability or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Alternatively, secondary service connection may be granted for a disability that is proximately due to, or aggravated by, a service-connected disease or injury. 38 C.F.R. § 3.310 (2016). In order to prevail on the issue of entitlement to secondary service connection, there must be: (1) evidence of a current disability; (2) evidence of service-connected disability; and (3) medical nexus evidence establishing a connection between the service-connected disability and the current disability. See Allen v. Brown, 7 Vet. App. 439 (1995). 

Regardless of the theory of entitlement, when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C.A. § 5107 (West 2014). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996). 

The United States Court of Appeals for Veterans Claims (Court) has held that service connection cannot be granted without a currently diagnosed disability. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The Court has also held that mere pain alone, without a diagnosed or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection may be granted. See Sanchez-Benitez v. West, 13 Vet. App. 282, 285 (1999). 

Here, the Veteran claims that he is entitled to service connection for psychophysiological gastrointestinal reaction because these issues began while he was on active service. The Veteran also asserts that his PTSD triggers his gastrointestinal issues. While there is evidence in the record of the Veteran presenting with pain and other gastrointestinal symptoms, there is no evidence in the record establishing an underlying current disability or diagnosis for the Veteran's condition. 

As previously discussed, the psychologist who examined the Veteran in October 2016 was unable to render an opinion regarding the Veteran's symptoms. 
Accordingly, in April 2017, the Veteran was afforded an in-person physical examination. In addition to conducting an in-person examination, the physician also reviewed the Veteran's previous medical records. The physician concluded that "[t]here is no evidence of any gastrointestinal condition." The physician reasoned that the "Veteran's episodic gaseous symptoms appear to be related to diet, and in no way due to any medical condition." 

Moreover, there is no indication in the Veteran's service records that he suffered from any in service injury or event related to gastrointestinal issues while on active service, or at any point thereafter. There is a medical report from October 1963 that indicates the Veteran was admitted to the hospital with complaints of "stomach trouble," and was diagnosed to have "psychophysiologic gastrointestinal reaction manifested by diarrhea," as well as "intestinal hypermotility" and "pain in abdomen." However, these diagnoses were from 1963, and the physician who examined the Veteran and issued a report in April 2017 indicated that the Veteran does not currently have a diagnosis of psychophysiological gastrointestinal reaction. 

The Board finds that this report is the most competent, credible, probative, and therefore, persuasive, evidence of record regarding the Veteran's current diagnoses. The physician not only reviewed the Veteran's medical records, including pertinent medical history, but also recently examined the patient. Accordingly, the Board gives this opinion considerable probative weight. 

The Veteran has claimed he has a current diagnosis, triggered by PTSD. The Board acknowledges that in some instances, lay testimony may be competent to establish medical etiology. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, this particular case involves a complex medical question, and the Veteran has not been shown to possess the requisite medical expertise, training, or knowledge to provide a diagnosis or cause for his symptoms. Although the Veteran may believe that he has a diagnosed gastrointestinal disability, the Board assigns greater probative value to the examiner's opinions detailed above. 

In conclusion, the Board finds that the preponderance of the evidence is against the claim and entitlement to service connection for psychophysiological gastrointestinal reaction is denied under all applicable theories of entitlement. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Medical opinions of record do not attribute the Veteran's symptoms to any psychophysiological or gastrointestinal disability, but rather attribute the Veteran's current symptoms to diet. Given the Board's findings regarding the competency and credibility of the examiner's opinion above, the Board considers the reliance on medical evidence appropriate. 


ORDER

Service connection for psychophysiological gastrointestinal reaction is denied. 



____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs