Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200329-75624
DATE: August 31, 2021

REMANDED

Service connection for a right ankle disorder is remanded.

Service connection for a left ankle disorder is remanded.

Service connection for a back disorder is remanded.

Service connection for bilateral hearing loss is remanded.

Service connection for a left shoulder disorder is remanded.

Service connection for a right shoulder disorder is remanded.

Service connection for migraines is remanded.

REASONS FOR REMAND

The Veteran served on active duty from May 1992 to May 1998 and from June 1999 to December 1999.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a November 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).

In the March 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket.

Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Bilateral Ankle Disorder and Back Disorder

The Veteran was afforded VA examinations for his claimed bilateral ankle disorder and back disorder in October 2019. In both examinations, the examiner found that the Veteran did not have a current disorder, and cited Sanchez-Benitez v. West, 13 Vet. App. 282, 285 (1999) (pain alone, without a diagnosis or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection may be granted).

However, where pain causes functional impairment, a "disability" for VA compensation purposes can exist, even if there is no underlying diagnosis or pathology. Saunders v. Wilkie, 886 F.3d 1356, 1367-68 (Fed. Cir. 2018). The Federal Circuit Court explained that a "disability" under 38 U.S.C. § 1110 refers to the functional impairment in earning capacity, not the underlying cause of said disability. Id. at 1363. The Federal Circuit also noted that 38 C.F.R. § 4.10 defines the term "functional impairment" as the inability of the body or a part of it "'to function under the ordinary conditions of daily life including employment'" Id. 

Here, the Veteran reported that his right ankle is sometimes painful to walk on and causes a noticeable limp and, running is not possible on it. Regarding his back, the Veteran reported that sometimes his back pain makes it difficult to turn or bend, and that sitting for over half an hour irritates his low back.

Moreover, the examiner did not conduct diagnostic testing.

Furthermore, with respect to the Veteran's claimed right ankle disorder, the examiner found that such pre-existed service, as his May 1992 service entrance examination mentioned that he had a history twisting his ankle four years prior. However, the Veteran was assessed with a normal ankle at service entrance.

The Board notes that only those conditions recorded in examination reports can be considered as "noted," 38 C.F.R. § 3.304 (b), and a history of pre-service existence of conditions recorded at the time of examination does not constitute a notation of such conditions. 38 C.F.R. § 3.304 (b)(1).

When VA undertakes to obtain an evaluation, it must ensure that the evaluation is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

Given the above, the Board finds that further examination is required to determine whether the Veteran has a current disability. This is a pre-decisional duty-to-assist error.

Bilateral Hearing Loss

The Veteran underwent a VA audiological examination in April 2019; test results were found to be invalid. VA treatment records reflect that he also underwent a VA audiological assessment earlier that month, wherein it was indicated that the Veteran had mild sensorineural hearing loss at 2000-8000 Hz; however, pure tone testing results were not provided. Given this, the Board finds that the Veteran should be provided another VA audiological examination to determine the nature and etiology of any hearing loss disability. This is a pre-decisional duty-to-assist error.

All Claims

The Board finds there are outstanding private treatment records, identified by the Veteran prior to the rating decision on appeal. Specifically, in April 2019, the Veteran indicated that he was going to have his private treatment records faxed to the RO's intake center. Additionally, during his October 2019 VA back examination, he reported that he receives private medical treatment through Franciscan Health, at an Olympia Fields location. The record does not contain any private treatment records or reflect that the RO has sought to obtain such records. This is a pre-decisional duty-to-assist error.

The matters are REMANDED for the following action:

1. Take appropriate action to obtain authorization from the Veteran to request his private treatment records, to include records from Franciscan Health-Olympia Fields. Make at least two (2) attempts to obtain records from any identified sources. If any such records are unavailable, inform the Veteran and afford him an opportunity to submit any copies in his possession.

2. Afford the Veteran a VA examination with an appropriate medical professional to determine the nature and etiology of his claimed right or left ankle disorder. The electronic claims file, including a copy of this remand, must be made available to the examiner for review prior to the examination. Any indicated evaluations, studies, and tests should be conducted.

Current x-rays must be taken. 

The examiner should clearly identify all current disabilities. The examiner is informed that pain which causes impaired function (limitations of motion, weakness, fatigue, lack of endurance, incoordination, avoidance of activities, etc.) is to be considered a disability even in the absence of identifiable pathology.

For any diagnosis rendered, the examiner should opine whether such is at least as likely as not (50 percent or greater probability) related to service, to include any relevant in-service treatment or as due to an in-service fall from 6 feet while wearing full gear.

For the right ankle, the examiner should consider in-service treatment for right ankle pain from running in December 1994, and a 1st degree right ankle sprain in April 1995, noted to be resolved later that month.

For the left ankle, the examiner should note a post-service November 2000 left ankle fracture.

A complete rationale for any opinion rendered must be provided.

3. Afford the Veteran a VA examination with an appropriate medical professional to determine the nature and etiology of his claimed back disorder. The electronic claims file, including a copy of this remand, must be made available to the examiner for review prior to the examination. Any indicated evaluations, studies, and tests should be conducted.

Current x-rays must be taken. 

The examiner should clearly identify all current disabilities. The examiner is informed that pain which causes impaired function (limitations of motion, weakness, fatigue, lack of endurance, incoordination, avoidance of activities, etc.) is to be considered a disability even in the absence of identifiable pathology.

For any diagnosis rendered, the examiner should opine whether such is at least as likely as not (50 percent or greater probability) related to service, to include in-service treatment for low back pain in May 1995, which the Veteran then stated had been present for 6 months, or as due to an in-service fall from 6 feet while wearing full gear.

A complete rationale for any opinion rendered must be provided.

4. Afford the Veteran a VA examination with an appropriate medical professional to determine the nature and etiology of his claimed bilateral hearing loss. The electronic claims file, including a copy of this remand, must be made available to the examiner for review prior to the examination. Any indicated evaluations, studies, and tests should be conducted.

If the Veteran is found to have a diagnosis of hearing loss per VA standards, the examiner should opine whether such is at least as likely as not (50 percent or greater probability) related to the Veteran's conceded in-service acoustic trauma.

A complete rationale for any opinion rendered must be provided.

 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A.Z., Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.