http://www.va.gov/vetapp16/Files6/1644946.txt

Citation Nr: 1644946 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 12-30 039 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri

THE ISSUES

1. Entitlement to service connection for a low back disability. 

2. Entitlement to service connection for a left knee disability. 

REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States

ATTORNEY FOR THE BOARD

J. J. Tang, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the U.S. Air Force from November 1968 to November 1972.
 
This case is before the Board of Veterans' Appeals (Board) on appeal from a rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA). In December 2013, January 2015, and September 2015, the Board remanded the case for further development. The case is again before the Board for further appellate proceedings. 

FINDINGS OF FACT

1. The Veteran's current low back disability did not manifest in service or within the first post-service year, nor is such disability otherwise related to service. 

2. The Veteran does not have a current left knee disability and has not had such a disability during the pendency of the claim, nor is such disability otherwise related to service. 

CONCLUSIONS OF LAW

1. The criteria for service connection for a low back disability are not met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2015).

2. The criteria for service connection for a left knee disability are not met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Compliance with Prior Remand

In September 2015, the Board remanded the case and directed the AOJ to obtain updated VA treatment records, including records reviewed by the AOJ in the March 2015 supplemental statement of the case, and the AOJ did so. The Veteran's claims were readjudicated in a September 2015 supplemental statement of the case. For these reasons, the Board's prior remand instructions have been substantially complied with. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

Duties to Notify and Assist

VA has met all the duty to notify and duty to assist provisions under the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. §§ 3.159, 3.326 (2015). The RO provided pre-adjudication notice by letter in May 2010, in which the Veteran was notified of how to substantiate his claims for service connection and information regarding the allocation of responsibility between the Veteran and VA. 

VA has fulfilled its duty to assist in obtaining identified and available evidence needed to substantiate the claims. Service treatment records, post-service treatment records, and lay statements have been associated with the record. The Board notes that the Veteran indicated in a June 2010 statement that he has received all of his treatment at a VA facility for his claimed disabilities. 

Further, during the appeal period the Veteran was afforded VA examinations regarding the low back and left knee in September 2010 and January 2014. VA also obtained a medical opinion regarding these disabilities in September 2014. The examiners each conducted an examination and, when considered together with the September 2014 VA medical opinion, provided sufficient information such that the Board can render an informed decision. The Board finds that the VA examinations and VA opinion, in conjunction with the other lay and medical evidence of record, are adequate for purposes of determining service connection for the low back and left knee. 

Service Connection Claims

A Veteran is entitled to VA disability compensation for service connection if the facts establish that a disability resulted from disease or injury incurred in the line of duty or for aggravation of a preexisting injury in the active military, naval or air service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. 

Generally, to establish a right to compensation for a present disability, a Veteran must show (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

There is a presumption of service connection for a chronic disease listed under 38 C.F.R. § 3.309(a), to include arthritis, that manifests during service or to a compensable degree within the first post-service year, and then again "at any later date, however remote." See 38 C.F.R. §§ 3.303(b), 3.307, 3.309(a); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Where the evidence shows a "chronic disease" in service or "continuity of symptoms" after service, the disease shall be presumed to have been incurred in service. In order to show a "chronic" disease in service, the record must reflect a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. Where a chronic disease has been incurred in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, a showing of "continuity of symptoms" after service is required in order to establish entitlement to service connection. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The Veteran argues that he has a low back disability and left knee disability that are related to service. The Veteran is competent to report his symptoms, such as left knee and back pain, and to report his observations, such as performing strenuous physical work and exercise in service. The Board finds that these reports as to the Veteran's symptoms and physical activities in service are credible. Specifically, the Veteran has reported, to include in the September 2010 VA examination that in service he performed heavy lifting. In the January 2014 VA examination, the Veteran contended that his current low back disability is related to pushing heavy oxygen tanks as part of his duties in service. In the Veteran's April 2015 statement, he reported that he did strenuous physical exercise and marching, to include in basic training, in service. In an October 2014 statement, the Veteran contended that his claimed disabilities are due to doing basic training exercises and playing basketball in service. The Board notes that although the Veteran contends that he injured his left knee and low back in service while performing these physical activities, he reported in the September 2010 VA examination and the January 2014 VA examination that he does not remember any specific event or injury to the left knee or low back. He essentially argues that his left knee and low back were injured in service due to his physical activities in service. 

Low Back Disability

The Veteran has been diagnosed with degenerative arthritis and degenerative disc disease of the thoracolumbar spine, to include on VA examination in January 2014. Thus, the current disability is shown.

The Veteran has reported, to include on VA examination in September 2010, that he had low back symptoms of back pain in service and continuing since service. The Veteran reported in the September 2010 VA examination that after service he did relatively well with only minimal symptoms until 2007, when his pain got worse. The Veteran is competent to report low back symptoms, to include continuing symptoms since service, and the Board finds that these reports as to low back symptoms are credible. 

However, the competent and probative evidence does not show that the Veteran's current low back disability manifested in service or within the first post-service year, or that the Veteran's current low back disability is otherwise etiologically related to service, to include the Veteran's in-service physical activities. 

The Veteran's service treatment records do not show any low back problems. On the September 1972 separation examination there were no findings of low back problems, and the Veteran denied low back problems at that time. Further, the January 2014 VA examiner concluded that low back arthritis did not manifest in service or within the first post-service year. The Board finds that Veteran's low back arthritis did not manifest in service, or within the first post-service year, and continuity of symptomatology of arthritis is not present. Accordingly, the Veteran's low back arthritis is not entitled to the presumption of service connection under 38 C.F.R. § 3.303(b). 

In fact, the most probative evidence of record does not show a low back disability until many years after the Veteran's separation from service. The January 2014 VA examiner opined that the Veteran's low back disability is not related to service. The January 2014 VA examiner noted that the Veteran's separation examination and service treatment records were negative for low back findings and that the Veteran's lumbosacral problems reported in 2007 show mild osteoarthritis. The examiner also stated that there is no service record, including the Veteran's separation examination, to show any problem with the spine during service. The January 2014 VA examiner also stated that the Veteran's current disorder of mild osteoarthritis is not related to service because osteoarthritis is a chronic disorder which is diagnosed and confirmed by x-ray and it is a common joint disorder that often becomes symptomatic in the 40s and 50s and is nearly universal (although not always symptomatic) by age 80. Notably, the Veteran's low back arthritis was diagnosed and confirmed by x-ray decades after service, as shown in the medical evidence of record. The January 2014 VA medical opinion has high probative value, as the examiner reviewed the claims file, provided clear rationale for her opinion, and based her opinions on examination of the Veteran, on medical literature, and the Veteran's medical history and probative lay statements. Further, the examiner has the medical expertise and training to render an opinion regarding the etiology of the Veteran's low back disability. 

The Board also notes that the January 2014 examiner's opinion is not contradicted by the September 2014 VA medical opinion, which states that the Veteran's current low back disability is due to the normal and natural aging process, given the mild radiographic changes. The September 2014 VA medical opinion has probative value, as it was rendered based on review of the claims file, on the Veteran's medical history and lay statements. The September 2014 VA examiner also has the requisite medical training and expertise to render an opinion regarding the etiology of the Veteran's current low back disability. 

Further, given the January 2014 VA medical opinion, the competent and probative evidence shows that the Veteran's current low back disability is not etiologically related to service, specifically to include the Veteran's physical activities in service. Instead, the competent and probative evidence shows that the Veteran's current low back disability is related to another cause, namely aging. Thus, service connection on a direct basis is not warranted. 38 C.F.R. § 3.303.

The Board has considered the Veteran's credible reports of low back pain in service and continuing since service. However, the Veteran's subjective reports of pain continuing since service, and his lay determination that such symptoms were manifestations of arthritis, are outweighed by the competent and probative medical evidence of record. 

The Board finds that the identification and diagnosis of a low back disability and the determinations as to the onset and etiology of the Veteran's current low back disability are essentially medical questions. As a layperson, the Veteran is not competent to provide an opinion as to the nature and etiology of his current low back condition. See Jandreau v. Nicholson, 492 F.3d 1372 (2007); Kahana v. Shinseki, 24 Vet. App. 428, 438 (2011). Because the record does not indicate that the Veteran has medical expertise or training, the Veteran's lay opinions that his current low back disability is the result of his physical activities in service have no probative value. 
Left Knee Disability

The Veteran contends that he has a current left knee disability that is related to his in-service physical activities. The Board acknowledges that the Veteran and his fellow servicemen reported that the Veteran received medical treatment for the left knee in service. The Board also acknowledges that the Veteran's service treatment records show bilateral knee symptoms, such as soreness assessed as chondromalacia in service, and that the Veteran reported to the January 2014 VA examiner that he had pain in left knee in service and continuing since service. Further, as shown in VA treatment records dating during the appeal period, the Veteran has recurrently reported left knee pain during the appeal period. The Board has found that the Veteran's reports of left knee pain in service and continuing since service are credible. 

However, the weight of the competent and probative evidence is against a finding that that the Veteran has a current left knee disability that is etiologically related to his military service. 

The Board acknowledges that the September 2010 VA examiner diagnosed the Veteran with "chronic soft tissue strain to the left knee." However, the September 2010 VA examiner noted that the Veteran's claims file was not available for review. Further, there is no indication that the September 2010 VA examiner performed any radiological studies. The Board also notes that the remaining medical evidence of record, to include the Veteran's post-service treatment records, are negative for soft tissue strain of the left knee or any other pathological findings for the left knee. Because the September 2010 VA examiner apparently based this diagnosis only on a brief examination of the Veteran without consideration of the Veteran's objective medical history, the Board finds that the September 2010 VA examiner's diagnosis of "chronic soft tissue strain of the left knee" is afforded decreased probative value. 

The January 2014 VA examiner's opinion has high probative value, as the examiner reviewed the claims file, provided sufficient rationale for her opinions, and based her opinions on examination of the Veteran, on review of the Veteran's radiological studies, and on the Veteran's medical history and lay statements. The January 2014 VA examiner also has the requisite medical training and expertise to determine whether there is a diagnosable left knee disability. The January 2014 VA examiner diagnosed the Veteran with left knee pain. Significantly, as noted in the January 2014 VA examination, x-rays of the left knee demonstrate negative findings. 

The Board also notes that the January 2014 examiner's opinion is not contradicted by the September 2014 VA medical opinion, which states that the condition of the Veteran's left knee is due to the normal and natural aging process due to the normal radiographs and because, despite subjective lay statements as to symptoms, there is no objective medically-based, clinical evidence of a diagnosis in the record. The September 2014 VA medical opinion has probative value, as it was rendered based on review of the claims file, on review of the Veteran's radiological studies, and on the Veteran's medical history and lay statements. The September 2014 VA examiner also has the requisite medical training and expertise to determine whether there is a diagnosable left knee disability. 

The January 2014 VA examiner also noted that there are conflicting records that suggest arthritis of the left knee. In an April 2011 VA orthopedic surgery consult, the Veteran's physician considered the Veteran's reported symptoms continuing since service, but found that the radiological study showed no significant degenerative or acute osseous abnormality. The April 2011 VA physician assessed the Veteran with "left knee symptomatology, likely consistent with patellofemoral arthrosis." However, the January 2014 VA examiner noted that the Veteran's x-ray report results are negative for arthritis and any other pathological changes in the knees. The September 2014 VA medical professional stated that after review of the claims file, there is no objective medically-based, clinical evidence of a left knee diagnosis. Because a diagnosis of joint disease of the left knee was not subsequently confirmed by any medical provider and subsequent radiological testing showed no pathological cause for the Veteran's left knee pain, and given that the April 2011 VA provider did not subsequently confirm his provisional diagnosis, the Board finds that the April 2011 VA physician's note that the Veteran's symptoms are "likely consistent with patellofemoral arthrosis" has no probative value.

The Board has considered the Veteran's reports of left knee pain. However, pain by itself is not a disability. Sanchez-Benitez v. West, 13 Vet. App. 282, 285 (1999). On review, the preponderance of the competent and probative evidence is against a finding that the claimed left knee disability existed at the time the claim was filed or at any time during the pendency of the claim. Thus, a present disability is not shown, and service connection for a left knee disability is not warranted. 38 C.F.R. § 3.303; McClain v. Nicholson, 21 Vet. App. 319 (2007); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). 

Moreover, the Board finds that the identification and diagnosis of a left knee disability are essentially medical questions. As a layperson, the Veteran is not competent to provide an opinion as to the nature and etiology of any left knee condition. See Jandreau v. Nicholson, 492 F.3d 1372 (2007); Kahana v. Shinseki, 24 Vet. App. 428, 438 (2011). Because the record does not indicate that the Veteran has medical expertise or training, the Veteran's lay opinion that he has a current left knee disability that is the result of his physical activities in service has no probative value. 

Conclusion

The Board acknowledges that the Veteran has argued in an October 2014 statement that his performance in the Intramural National League All Star Basket Team in service resulted in wear and tear on his body and that "current science shows...wear and tear on the body sustained while playing athletic will show up later on a person's life." The Veteran stated that because NFL players get justice for concussion and other injuries they suffered while playing football, VA compensation is warranted for his claimed disabilities. However, the Veteran has provided no competent medical evidence to support the argument that his specific claimed disabilities are related to his specific athletic activities in service. Because the Veteran has no medical expertise or training, and because the Veteran's argument here provides no information specifically regarding the Veteran's medical history, the Board finds that the Veteran's argument here is speculative at best and has no probative value. 

Because the preponderance of the evidence is against the Veteran's claims of entitlement to service connection, the benefit of the doubt provision does not apply, and these claims on appeal must be denied. See 38 U.S.C.A. § 5107. 

ORDER

Entitlement to service connection for a low back disability is denied.

Entitlement to service connection for a left knee disability is denied. 

______________________________________________
S. HENEKS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs