﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 200124-63354
DATE: May 29, 2020

ORDER

Service connection for vision loss disability is denied.

REMANDED

Entitlement to service connection for lumbar spine disability is remanded.

FINDING OF FACT

The preponderance of the evidence of record is against finding that the Veteran has had a vision loss disability at any time during or approximate to the pendency of the claim.

CONCLUSION OF LAW

The criteria for service connection for vision loss are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1966 to July 1970.

These matters come before the Board of Veterans’ Appeals (Board) on appeal from a December 2019 decision of a Department of Veterans Affairs (VA) Regional Office (RO). See SOC (December 2019).

The Board received VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)) on January 24, 2020 electing Evidence Review by a Veterans Law Judge. A March 2020 Board letter notified the Veteran that his appeal had been placed on the Evidence Review docket.

Entitlement to service connection for vision loss.

The Veteran contends that he has vision loss related to getting gas in his eyes during service. Notably, the Veteran has provided no statements describing his vision loss, onset and progression, or treatment received.

Service connection may be granted for a disability resulting from disease or injury incurred coincident with or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing direct service connection generally requires competent evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). However, where the preponderance of the evidence is against the claim, the claim for benefits must be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that the Veteran does not have a current vision loss disability and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

Service treatment records (STRs) show the Veteran complained of burning eyes in October 1969. The treating physician noted the Veteran had 20/20 vision in both eyes and diagnosed emmetropia (refers to an eye that has no visual defects). The physician reasoned that allergies were the probable cause of the Veteran’s complaint. The Veteran presented with no other eye complaints during service and vision loss is not shown in STRs.

In addition to the lack of evidence showing vision loss in service, the record reflects no lay or medical evidence of a vision disability. In this regard, the Veteran has submitted no evidence indicating a diagnosed disability nor has he identified any “functional impairment of earning capacity” from any vision symptoms Saunders v. Wilkie, 886 F.3d 1356, 1367-69 (Fed. Cir. 2018). Under applicable regulation, the term “disability” means impairment in earning capacity resulting from diseases and injuries and their residual conditions. 38 C.F.R. § 4.1. See also Hunt v. Derwinski, 1 Vet. App. 292, 296 (1991). The Board notes that a symptom, without a diagnosed or identifiable underlying malady or condition, does not, in and of itself, constitute a “disability” for which service connection may be granted. See Sanchez-Benitez v. West, 13 Vet. App. 282 (1999), vacated in part and remanded on other grounds sub. nom. Sanchez-Benitez v. Principi, 239 F. 3d 1356 (Fed. Cir. 2001).

The Board has considered the lay statements submitted on the Veteran’s behalf. However, the statements provide no indication that the Veteran has a diagnosed disability or that his claimed vision loss causes any level of a functional impairment of earning capacity. The Veteran’s spouse stated that the Veteran squinted when looking at far away objects after returning home from service in 1970. Another lay statement indicates that the Veteran could not read street signs in 1970. However, to the extent that the statements suggest that the Veteran had/has refractive error, that began in service, the Board notes that congenital or developmental defects, including refractive errors of the eyes, are not “diseases or injuries” for disability compensation purposes under VA law. See 38 C.F.R. §§ 3.303(c), 4.9; Palczewski v. Nicholson, 21 Vet. App. 174, 179 (2007).

The existence of a current disability is the cornerstone of a claim for VA disability compensation. See 38 U.S.C. §§ 1110, 1131; Degmetich v. Brown, 104 F.3d 1328 (1997). In the absence of proof of a current disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

On balance, the weight of the evidence is against the claim. 

Accordingly, the claim is denied. There is no doubt to resolve. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

REASONS FOR REMAND

Entitlement to service connection for lumbar spine disability.

The issue of entitlement to service connection for lumbar spine disability is remanded to correct a duty to assist error that occurred prior to the December 2019 decision on appeal. The Agency of Original Jurisdiction (AOJ) did not obtain a VA examination prior to the December 2019 decision on appeal regarding whether the Veteran’s back pain is related to his service. However, based on the evidence associated with the claims file prior to the December 2019 decision, the Board finds that a VA examination and medical opinion is required to determine whether back pain is related to the Veteran’s service. 38 C.F.R. § 20.802(a).

The Veteran contends that his back pain began fifty years ago due to an in-service fall and injury. STRs show numerous complaints for back pain. Although x-rays were normal, lumbosacral strain was assessed and Valium prescribed for pain.

The Board finds that the evidence showing current complaints of back pain and an in-service back injury indicates that reports of back pain may be associated with service, but is insufficient to decide. McLendon v. Nicholson, 20 Vet App. 79 (2006).

Additionally, the record reflects that there are relevant outstanding private treatment records. The Veteran reported that his private doctor noted that MRI results indicate an old crack in his back. See VA 21-4138 Statement In Support of Claim (April 2019).

Therefore, the Board finds that remand is necessary to ensure that VA has met its duty to assist. 38 C.F.R. § 3.159(c).

The matters are REMANDED for the following action:

1. Ask the Veteran to complete a VA Form 21-4142 for all non-VA medical providers seen for his back symptoms since service discharge. Make two requests for the authorized records from all identified sources, unless it is clear after the first request that a second request would be futile.

2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any back disability. The examiner must opine whether it is at least as likely as not related to the in-service injury reported by the Veteran and/or documented findings for lumbosacral strain. 

(CONTINUED ON NEXT PAGE)

 

 

C.A. SKOW

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Thaddaeus J. Cox, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.